### EVANS *et al.* v. ELLIOTT.

EVIDENCE—DAMAGES.—Where a person sells a tavern-stand, and, as a part of the contract of sale, agrees not to open another tavern in the same town for a specified period of time, and then opens another in violation of said agreement, and his grantee sues to recover damages for such violation, it is competent for him, on the trial, to offer evidence tending to prove that the direct and immediate result of opening and keeping the tavern by his grantor was to reduce the value of the property in question one half, and that it was at once so reduced, and could not have been sold for more than half its former value, and that he was compelled to and did sell it for 800 dollars, which was less than half its former value.

APPEAL from the *Wayne* Common Pleas.

DAVISON, J.—*Elliott*, who was the plaintiff, brought an action against *Evans* and *Gates* to foreclose a mortgage on real estate in *Wayne* county. The mortgage bears date *November* 16, 1854, and was executed by the defendant, *Evans*, to the plaintiff to secure the payment of 5 several promissory notes, of the aggregate amount of 1420 dollars.

*Gates* was defaulted. The other defendant, *Evans*, appeared and answered. His answer alleges, substantially, these facts:

Said real estate is a house and lot in the town of *Washington;* was at the date of the mortgage owned by the plaintiff,

and used as a tavern, and was then the only tavern in that town; was at that date sold, and by deed in fee conveyed by the plaintiff to the defendant, and the notes, secured by the mortgage, were given for the purchase money. At the time of the sale, and as a part of the consideration therefor, the plaintiff agreed that he would not, for the space of 5 years, open another tavern or set up the business of tavern keeping in said town. And defendant avers that he was from the time of making the purchase fully prepared and able to supply, and was supplying all the wants of the public in the way of a tavern, in the town aforesaid. But he, in fact, says that the plaintiff, on the 7th of *February*, 1860, in violation of his agreement, opened another tavern therein, and has thenceforward kept and maintained the same, thereby dividing the business with the defendant and greatly reducing his profits, viz: reducing them annually, at least 500 dollars. And further the defendant says that if the plaintiff had lived up to his agreement, and had not opened and kept such opposition tavern, said real estate would have continued to be worth, and could have been sold for 1800 dollars; but with the tavern so kept and maintained by the plaintiff, in violation of his agreement, it is not worth, and could not be sold for more than 800 dollars; and he, defendant, has been compelled to part with it for that price, for the reason that by keeping it he could make nothing by its use, whereby he has been damaged 1000 dollars, which sum he now sets up to the plaintiff's action, by way of counter-claim. Defendant also filed a denial.

The issues were submitted to a jury, who found specially, among other things, "that the plaintiff, as a part of the consideration of the notes in suit, entered into a contract with the defendant, that he would not keep a tavern in said town of *Washington* for the space of 5 years; that the contract thus made had been violated by the plaintiff, by keeping a

tavern in said town; and that by reason of such violation, the defendant had sustained damage to the amount of 5 dollars." The jury also found generally, for the plaintiff, the full amount of the mortgage, after deducting the sum so found as damages.

Motion for a new trial denied, and judgment, &c.

The tavern stand, as appears by the record, was purchased by the defendant in *November*, 1859. He took possession pursuant to his purchase. After this, on *February* 16th, 1850, the plaintiff established and opened another tavern in said town, and afterwards, in *March*, then next ensuing, the defendant sold the tavern stand, so purchased of the plaintiff, for 800 dollars. It also appears that the 5 dollars allowed by the jury was for the loss of custom sustained by the defendant, in consequence of the plaintiff having opened and kept the opposition tavern.

The defendant, at the proper time, offered evidence tending to prove that the direct and immediate result of the opening and keeping of the tavern, by the plaintiff, was to reduce the value of the property in question one-half, and that it was at once so reduced; that it could not have been sold for more than one-half its former value; that defendant could sell it for no more, and he was compelled to and did sell it for 800 dollars, that sum being less than half its former value. The Court refused to admit the proposed evidence, and the defendant excepted.

As we have seen, the keeping of the tavern by the plaintiff was a violation of his contract, and if the direct and immediate result of such violation, was to reduce the value of the defendant's tavern stand, he has, no doubt, a right to compensation in damages for such violation. Sedgwick on damages, 2 ed. p. 65, *et seq.* It seems to follow that the evidence should have been admitted. We are referred to *Pierce v. Woodward*, 6 Pick. 206; but that case simply decides that

Evans et al. *v.* Elliott.

the jury in assessing damages, in cases of this sort, should confine themselves to the period before the action was commenced. This decision does not apply to the point under discussion, because the offered evidence, as we understand it, would not, if admitted, tend to prove prospective damages, such as the defendant might sustain subsequent to the institution of the suit. Indeed, the offer, on its face, shows that the damages proposed to be proved, were sustained prior to the commencement of the action. Here then, the plaintiff sold his tavern stand. As an inducement to the defendant to make the purchase, he agreed not to keep an opposition tavern for the space of 5 years. Within that period he violated his agreement, by opening and keeping such tavern. It seems to us that the depreciation in value of the property sold, may be regarded as the fair legal and natural result of his breach of the agreement, and that being the case, evidence tending to show to what extent the value of the defendant's property had depreciated, by reason of the breach was, under the pleadings, proper for the consideration of the jury.

We are of opinion that the Court, in its refusal to admit the proposed evidence, committed an error, and the judgment must therefore be reversed.

*Per Curiam.*—The judgment is reversed, with costs, and the cause remanded for further trial.

*J. B. Julian*, for the appellants.

*J. F. Kibbey* and *J. P. Siddall*, for the appellee.