GEORGE H. BRADFORD & another *vs.* CUNARD STEAMSHIP
COMPANY.

Suffolk.    March 8, 1888. — May 5, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Carrier — Damages — Evidence — Hearsay — Appraiser's Report.*

The report of an appraiser, since deceased, to an insurer, as to the damage to goods
while in the hands of a carrier by sea, is inadmissible in an action by the owner
against the carrier to recover damages therefor.

The goods were six cases of woollen dress goods, invoiced at $3,510.11, and all the
contents of three, worth not less than $1,600, and varying proportions of them
in the other three, were damaged by salt water and soda ash. *Held,* that a jury
would be warranted in finding, as a matter of common experience, that damage
of such a nature to such goods could not be less than $500.

CONTRACT to recover for damage to six cases of woollen
dress goods while being carried in the defendant's steamship
Samaria.

Trial in the Superior Court, without a jury, before *Pitman*, J.,
who reported the case for the determination of this court, in
substance as follows.

The defendant did not deny its liability to the plaintiffs for
such damages as they might prove by competent evidence. An
auditor, to whom the case was referred, and whose findings of
fact, it was agreed, should be final, reported the following facts.

The invoice value of the goods, to which the plaintiffs' claim
was limited by the bill of lading, was $3,510.11. The goods
were more or less damaged by salt water and soda ash, all the
goods in three of the cases being injured, and a varying propor-
tion of them in the other three cases. The goods were insured
against sea perils by an insurance company, which settled the
plaintiffs' claim for damages immediately after the arrival of the
goods by the payment of $1,533.55, as for a partial loss. At
the time of this settlement the plaintiffs made a verbal agree-
ment with the company to aid it in recovering against the de-
fendant, and the action was brought in the plaintiffs' name for
its benefit. The damaged goods were subsequently sold by the
plaintiffs, who did not preserve any evidence which might bear
upon the question of damages.

The auditor admitted in evidence, against the objection of the defendant, a written report to the insurance company by an appraiser, since deceased, who had been in its employ for the survey and appraisement of losses for about eleven years, and who was ordered by the company to survey and estimate the damage to the plaintiffs' goods. The report was made in the regular course of his employment, and purported to estimate the percentage of damage to the invoice value of the injured goods. It was made by him after a personal examination of the goods, and was accepted as correct by the insurance company, which at once paid the plaintiffs in settlement $1,533.55. The auditor, relying upon the appraiser's report alone, found and reported that the plaintiffs were entitled to recover the sum of $1,345.45, with interest from the date of the writ.

The defendant requested the judge to rule that the appraiser's report was inadmissible in evidence, and that there was in the auditor's report no admissible evidence of the amount of damage, and that the plaintiffs could recover only nominal damages. The judge ruled that the appraiser's report was inadmissible; that there was, however, in the facts reported by the auditor, evidence sufficient to authorize a finding of substantial damages, and found for the plaintiffs in the sum of $500.

If there was admissible evidence in the facts reported by the auditor sufficient to support the finding, and the ruling excluding the appraiser's report was right, then judgment was to be entered for the plaintiffs upon the finding for $500, with interest; if the judge erred in excluding the appraiser's report, then judgment was to be entered on the auditor's report; if the judge was correct in the ruling excluding the appraiser's report, and erred in ruling that there was evidence sufficient to support a finding of damage to the amount of $500, then the verdict was to be set aside, and judgment was to be entered for the plaintiffs for the sum of one dollar.

*F. Dodge*, for the plaintiffs.

*G. Putnam & T. Russell*, for the defendant.

HOLMES, J. 1. If the plaintiffs had no better evidence of the amount of damage suffered by their goods than the report of an appraiser who settled the sum to be paid by the insurers, the want of it was due, not to the nature and necessities of the

case, but to their own neglect. The report would not have been admissible if the appraiser had been alive, and could have been called as a witness. *Kafer* v. *Harlow*, 5 Allen, 348. *Adams* v. *Wheeler*, 97 Mass. 67. *Leighton* v. *Brown*, 98 Mass. 515. In our opinion, the fact that he was dead did not make it so. Assuming for the purposes of the case that the report was in other respects within the exception to the rule against hearsay, and that it would have been admissible to prove that the appraiser did estimate the damage, if that fact had been material, (*Kennedy* v. *Doyle*, 10 Allen, 161; *Polini* v. *Gray*, 12 Ch. D. 411,) or even to prove what his estimate was, his estimate, however proved, was not admissible to show the amount of damage.

No doubt the actual amount of damage expressed in dollars is theoretically certain, and is a fact. But it is a fact which neither can be observed directly by the senses, when the only question is of the honesty of the observer who makes the entry, nor can be deduced from the facts directly observed by simple mathematical computation, without assuming other facts not the subject of direct observation. *Walker* v. *Curtis*, 116 Mass. 98. What a particular man will think the amount of damage may differ widely from the actual amount, and, as experience shows, is likely to differ from the opinion of others, because it will depend not only upon what he sees, but upon a number of other facts which he arrives at by inexact and undisclosed methods. An opinion upon such a question, however honestly formed and by however competent a man, is too remote from the indisputable data of the senses to be admitted without being subjected to cross-examination. See *Wright* v. *Tatham*, 4 Bing. N. C. 489, 508, 528; *Abel* v. *Fitch*, 20 Conn. 90, 96.

2. The goods were dress goods. It appears that all the contents of three cases, worth not less than sixteen hundred dollars, and varying proportions of them in three other cases, were damaged by salt water and soda ash. We cannot say that a jury would not be warranted in finding, as a matter of common experience, that damage of such a nature to such goods could not be less than five hundred dollars, or somewhat under a third of the value of those goods which were all soaked with the alkali.

*Judgment for the plaintiffs for five hundred dollars.*