JAMES A. BAGLEY *vs.* M. ALICE KIMBALL.

Hampden.   June 26, 1929. — September 10, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Motor vehicle. *Damages,* In tort. *Evidence,* Of earnings, Competency.

At the trial of an action of tort for personal injuries resulting from the defendant's automobile running into the plaintiff, a legless cripple, whose earnings consisted wholly in the sale of lead pencils on the street and in repairing and appraising at odd times automobiles at his home without assistance, it was proper to allow the plaintiff to be asked what his average weekly earnings were just previous to the accident and for over a year after the accident; the evidence was not too speculative to entitle the plaintiff to damages for loss of earning capacity.

At the trial of an action of tort against a woman for personal injuries suffered when an automobile driven by the defendant ran into the plaintiff, the judge charged the jury: "As far as the defendant is concerned, she was bound to exercise that degree of care which the person of ordinary prudence would exercise under the circumstances as you determine them to be upon the evidence. What were the circumstances? And did the defendant do what the person of ordinary prudence and caution would have done under those circumstances? If she did, and if the plaintiff was injured, there would be no recovery; because there may be accidents for which nobody is to blame. If she didn't, if she failed to exercise that degree of prudence, and the plaintiff was injured, then he is entitled to recover such damages as you find he suffered as a natural, probable and proximate result of her negligence." *Held,* that the instructions were adequate and accurate and sufficiently favorable to the defendant.

TORT for personal injuries.   Writ dated November 18, 1927.

In the Superior Court, the action was tried before *Greenhalge,* J.   It appeared that the injury to the plaintiff was received on August 16, 1927.   All material facts and rulings

by the trial judge are stated in the opinion. The jury found for the plaintiff in the sum of $5,208. The defendant alleged exceptions.

The case was submitted on briefs.

F. E. Smith, for the defendant.

R. J. Talbot & R. Lasker, for the plaintiff.

CROSBY, J.   This is an action to recover for personal injuries alleged to have been received by the plaintiff when struck by an automobile operated by the defendant.

The plaintiff was a cripple, having lost both legs above the knees in successive accidents, and as a means of livelihood sold lead pencils on the street, and at other times appraised and repaired automobiles at his home.  Shortly before the accident he had come to Gardner in an automobile driven by his wife and was seated on a little cart propelled by his hands. He took up a position facing a department store, with his back against a pole on the sidewalk, and engaged in the sale of his wares.   There was evidence tending to show that the pole was about four inches from the curb and was about a foot in diameter; that while the plaintiff was in this position, seated on his cart, he heard a sound behind him, received a blow on his right side, and fell on his face on the sidewalk four or five feet from the post; that the defendant had driven her automobile toward the curb and the front right hand wheel had struck the plaintiff.   A physician who attended him testified that he found a discoloration over the kidney, which had been ruptured.   There was further medical testimony that the plaintiff's kidney had been ruptured by a blow. There was evidence that as a result of the injury the plaintiff was incapacitated from carrying on his occupation.   The defendant testified, and offered other evidence tending to show, that the wheel of her automobile only grazed the pole and did not strike the plaintiff.   Upon the conflicting evidence it was for the jury to determine the facts.

The plaintiff was asked on direct examination what his average weekly earnings were just prior to the accident.   To the admission of this question the defendant excepted.   The final answer was, "Between thirty-four, thirty-five, thirty-six" dollars, but less than $40, and that since the accident

he probably earned about $15 a week.  It is the contention of the defendant that this evidence was inadmissible on the ground that it was remote and speculative, and that it could not be determined with any degree of certainty what was received as earnings from the sale of pencils and the amount received as profits from repairing and appraising automobiles. There was evidence from which it could be found that little or no capital was invested by the plaintiff in the repairing and appraisal of automobiles or in the sale of lead pencils on the street.  It was said in *Mahoney* v. *Boston Elevated Railway*, 221 Mass. 116, at page 117, that "Where the element of personal expertness is the essential and dominant factor and the capital invested is insignificant as compared with the earnings and merely incidental to the individual capacity which is the fundamental cause of the income, then the income stands on the same basis as wages or salary and may be shown."  It is manifest upon the evidence that the capital invested by a legless cripple, whose earnings consisted wholly in the sale of lead pencils on the street and in repairing and appraising at odd times automobiles at his home without assistance, was insignificant in amount.  Accordingly the income received by him could be shown.  It follows that the evidence was rightly admitted in accordance with the principles stated in the case above referred to.  See also *Gray* v. *Boston Elevated Railway*, 215 Mass. 143.  The contention of the defendant that the evidence was too speculative to entitle the plaintiff to damages for loss of earning capacity is without merit.  The judge expressly told the jury that they could not "take into account anything that is merely possible, speculative or imaginative."  See *Teasdale* v. *Beacon Oil Co.* 266 Mass. 25, and cases cited.

The second exception is to the refusal of the trial judge to give certain requests.  We are of opinion that the requests so far as correct in law were in substance given.  They related to the conduct of the defendant in the operation of the automobile.  Upon this question the judge instructed the jury as follows: "As far as the defendant is concerned, she was bound to exercise that degree of care which the person of ordinary prudence would exercise under the circumstances

as you determine them to be upon the evidence. What were the circumstances? And did the defendant do what the person of ordinary prudence and caution would have done under those circumstances: If she did, and if the plaintiff was injured, there would be no recovery; because there may be accidents for which nobody is to blame. If she didn't, if she failed to exercise that degree of prudence, and the plaintiff was injured, then he is entitled to recover such damages as you find he suffered as a natural, probable and proximate result of her negligence." The instructions so given were adequate and accurate. The charge, to which no exception was taken, was sufficiently favorable to the defendant.

The third exception is to the denial of the defendant's motion for a new trial. Such a motion is addressed to the sound judicial discretion of the trial judge. Manifestly there was no abuse of judicial discretion in denying the motion.

*Exceptions overruled.*