HARRISON E. BYAM *vs.* CARLISLE-AYER COMPANY.

Middlesex.    May 15, 1930. — July 1, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Contract,* What constitutes, Implied. *Corporation,* Officers and agents. *Evidence,* Competency, Relevancy. *Practice, Civil,* Conduct of the trial: discretionary control of evidence; Verdict; New trial. *Jury and Jurors. Damages,* In contract.

At the trial of an action by an architect against a corporation for services in drawing plans and specifications for a building which the defendant contemplated erecting, a witness was allowed to testify that he had a conversation with persons who were officers of the defendant corporation and three of its four directors, in which he showed them a sketch of the proposed building and suggested that the plaintiff make the plans and specifications, whereupon something was said about a more complete set of plans and the officers told him to send the plaintiff to discuss the matter with them. The defendant excepted to the admission of this testimony on the ground that the officers had no authority to bind the corporation. *Held,* that there was no error.

The witness further testified at the trial above described that the defendant's officers instructed the plaintiff to prepare plans and specifications; and, subject to the defendant's exception, that he thought it was about a year later that the building was erected. It subsequently appeared that the building to which the witness had referred was not owned by the defendant. *Held,* that there was no error in the admission of the evidence to which exception was taken, at the time it was admitted.

There was evidence at the trial above described that the plaintiff delivered to the defendant a blue print copy of the plans which had been prepared by him for the defendant. No demand was made upon the defendant for the production of this at the trial. The plaintiff offered and there was admitted in evidence a set of plans which the trial judge found

were the original tracings. They contained certain statements which the defendant contended were self serving. *Held*, that

(1) No error appeared because of the presence of the alleged self serving statements on the tracings;

(2) The tracings properly were admitted in evidence;

(3) There was no error in permitting the plaintiff to explain the tracings, indicating "plate by plate" what they showed.

It was agreed by the parties at the trial above described that, if the plaintiff were entitled to recover, the amount claimed by him was reasonable. There was no other evidence of the value of his services. The jury found for the plaintiff in a sum one half of that claimed by him. The trial judge denied a motion by the defendant that the verdict be set aside. *Held*, that

(1) The jury were not bound by the parties' agreement: they still might use their own knowledge and judgment in determining the value of the plaintiff's services in light of all the circumstances;

(2) There was nothing to show that the verdict was a "compromise" verdict;

(3) The defendant's motion properly was denied.

CONTRACT. Writ dated July 19, 1929.

Material evidence at the trial in the Superior Court before *Beaudreau*, J., is stated in the opinion. There was a verdict for the plaintiff in the sum of $750. The defendant alleged exceptions, including an exception to the denial of its motion that the verdict be set aside.

*A. W. Wunderly*, for the defendant.

*P. H. Ready*, (*J. P. Farley* with him,) for the plaintiff.

CARROLL, J. This action of contract is to recover for services by an architect in drawing plans and specifications for a building which, it is alleged, the defendant contemplated erecting in Somerville. There was a verdict for the plaintiff in the sum of $750. The defendant filed exceptions.

The first exception relates to the testimony of one Donnelly. He testified that he had a conversation with Emery, the treasurer, Ayer, the president, and Hill, the secretary of the defendant company, who with Mrs. Ayer constituted the board of directors. As we interpret the record all three were present. He showed them a sketch of the proposed building. He was asked, referring to the officers of the corporation, if anything was said by any of them concerning a more complete set of plans. The

defendant objected to this testimony because they (the officers of the corporation) had no right to bind the corporation.

In the course of this conversation Donnelly suggested that the firm of Davis and Byam make the plans and specifications and the officers said, "Have Mr. Byam come down and we will talk it over." This also was excepted to by the defendant. We assume that the officers referred to were the treasurer, president and secretary of the corporation, who with one other person constituted the board of directors. There was no error in admitting this evidence. *Hartford* v. *Massachusetts Bowling Alleys, Inc.* 229 Mass. 30. *McCrillis* v. *L. Q. White Shoe Co.* 264 Mass. 32, 35.

Donnelly also testified that he was present at a subsequent conversation when the plaintiff entered into negotiations with the defendant for the making of plans and specifications; that the three officers referred to told Byam to go ahead and prepare the plans. Donnelly was asked, how long "after you went out there was it" before the erection of the plant was started? He replied "I don't know . . . I would say a year afterward the building was erected." There was no error in admitting this testimony. It later appeared that the building referred to was not owned by the defendant, but it could not be said that there was error in admitting the evidence when it went in.

The bill of exceptions recites that the plaintiff produced a set of tracings and a set of specifications; that previously there was testimony that plans and specifications drawn by the plaintiff had been delivered to the defendant; that no demand for the production of this set was made. The defendant objected to the introduction of the tracings and specifications offered on the ground that they were secondary evidence and contained self serving statements, it being stated therein: "Plans drawn for Carlisle-Ayer Co." There was evidence that the tracings were the originals; that the blue prints delivered to the defendant were copies of the tracings. The judge found that the

tracings were the originals. "The general rule respecting the admission of photographs, plans and models is that whether they are to be received or not is a preliminary question resting largely, though not entirely, in the discretion of the trial judge." *Everson* v. *Casualty Co. of America,* 208 Mass. 214, 219, 220. There was no error in admitting this evidence, and there was no reversible error because of the alleged self serving statements. There was evidence that the plans were drawn for the defendant. Nor was there error in permitting the plaintiff to explain the plans indicating "plate by plate" what they showed.

The parties agreed "If the plaintiff is entitled to recover here, his charge is reasonable." According to the record "No other specific evidence of the value of the services was ever offered. The charge, according to the plaintiff's declaration, was fifteen hundred dollars." The verdict of the jury was $750. The defendant moved to set aside the verdict; the motion was denied. The defendant excepted.

There was no agreement that if the plaintiff recovered the verdict was to be in the sum of $1,500. The agreement was that in the event of recovery this charge was fair and reasonable. The jury were not bound by this agreement; they were not prevented from using their own knowledge and deciding the value of the plaintiff's services based on all the circumstances, or from using their own judgment of the amount to which the plaintiff was entitled. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1. The defendant argues that the verdict was a compromise verdict. There is nothing to support this contention. The jury properly could decide after considering the character of the work done by the plaintiff, its extent, the competency of the plaintiff, and all the facts, that the amount found was fair and just. There was no abuse of discretion in refusing the motion.

*Exceptions overruled.*