LAWRENCE CROSS *vs.* ELISEO SHARAFFA.

Middlesex.   March 8, 1932. — January 3, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Damages*, In tort.  *Evidence*, Of damage.

Evidence, at the trial of an action for personal injuries sustained by a boy fourteen years of age at the time he was injured and sixteen years of age at the time of the trial, that he suffered a fracture of the femur of his right leg; that, as a result thereof, that leg was somewhat bowed and was three fourths of an inch shorter than the other, there was some interference with the muscle at the place of the fracture, and he limped slightly; that his leg at the time of the trial was "about as good as it could be after a fracture"; and that the bone would probably never be in perfect alignment and would never "get back exactly to what it was before," warranted a finding that he had sustained a permanent physical disability which would impair his earning capacity after he should become of age and warranted a consideration of such impairment by the jury in assessing damages, although there was no direct evidence of the extent thereof measured in money: the matter of damages for such impairment was not left a mere matter of conjecture.

It therefore was proper at the trial above described to instruct the jury that "if there is any impairment of his earning capacity which extends beyond his reaching his majority, such impairment when he becomes a man, if you are satisfied of it as a matter of reasonable probability and not of speculation or conjecture, he is entitled to have you consider"; and such instructions adequately protected the defendant.

TORT for personal injuries.  Writ dated February 1, 1929.

The action was tried in the Superior Court before *Brown,* J.  Material evidence and a portion of the judge's charge on a question of damages are stated in the opinion. There was a verdict for the plaintiff in the sum of $8,000. The defendant alleged an exception to such portion of the charge.

The case was argued at the bar in March, 1932, before *Rugg,* C.J., *Crosby, Sanderson,* & *Field,* JJ., and, after the death of *Sanderson,* J., was submitted on briefs to all the Justices.

*J. T. Connolly,* for the defendant.

*P. J. Duane, (J. J. Foster* with him,) for the plaintiff.

FIELD, J. This is an action of tort to recover compensation for personal injuries received by the plaintiff when the bicycle which he was riding came in contact with a motor vehicle operated by the defendant. There was a verdict for the plaintiff. The case is here on the defendant's exception to that part of the judge's charge which is as follows: "When . . . [the plaintiff] becomes of age . . . he is entitled to his earnings; and, therefore, if there is any impairment of his earning capacity which extends beyond his reaching his majority, such impairment when he becomes a man, if you are satisfied of it as a matter of reasonable probability and not of speculation or conjecture, he is entitled to have you consider, if you come to the question of damages at all."

The defendant properly does not contend that this part of the charge was incorrect as an abstract statement of law. See *McGreevey* v. *Boston Elevated Railway,* 232 Mass. 347, 350. But he contends that it was based on the assumption that there was evidence before the jury sufficient to support a finding of impairment of the plaintiff's earning capacity after he should become of age, that this assumption was not justified and, consequently, that the charge was improper. See *McDonough* v. *Vozzela,* 247 Mass. 552, 560; *Gerry* v. *Worcester Consolidated Street Railway,* 248 Mass. 559, 565. In our opinion, however, the evidence, in its aspect most favorable to the plaintiff, though meager, was sufficient to support the finding.

A finding of permanent physical disability of the plaintiff as a result of the injury was warranted. He was fourteen years old when the accident occurred. The femur of his right leg was fractured. There was no evidence that it did not heal. But there was testimony, contradicted in some respects, that at the time of the trial — which took place over two years after the accident — as a result of the injury, the plaintiff's leg was somewhat bowed, that it was three fourths of an inch shorter than the other, that there was some interference with the muscle at the place of the

fracture, and that he limped slightly. And there was testimony also that the plaintiff's leg was then "practically . . . about as good as it could be after a fracture," that the bone would probably never be in perfect alignment, and that it would never "get back exactly to what it was before."

A finding that the plaintiff's physical disability impaired his earning capacity after he should become of age also was warranted. Determination of the extent of impairment of earning capacity by reason of injury, though involving contingencies and matters of opinion, is an ordinary function of triers of fact. Here, however, no direct evidence of the extent of the impairment, measured in money, was introduced. Frequently evidence of wages, salary or other income derived from personal services earned by a plaintiff before and after sustaining an injury is available for the purpose of comparison in proof of diminished earning power. See *Hendler* v. *Coffey,* 278 Mass. 339, 342. Obviously there can be no such comparison in the present case. Yet, even in the case of an adult, such a comparison is not essential to proof — and if shown is not necessarily conclusive — but all relevant facts are to be considered. *Stynes* v. *Boston Elevated Railway,* 206 Mass. 75, 77, and cases cited. *Mahoney* v. *Boston Elevated Railway,* 221 Mass. 116. *Koch* v. *Lynch,* 247 Mass. 459, 462. There was testimony to the nature and permanence of the plaintiff's disability. Moreover, he was a witness at the trial and, from his appearance and conduct on the stand, the jury could form an opinion of his physical and mental characteristics. *Keith* v. *New Haven & Northampton Co.* 140 Mass. 175, 181. *Gagnon's Case,* 228 Mass. 334, 339. Having this evidence before them the jury, with their knowledge of practical affairs, could measure the probable extent of the impairment of the plaintiff's earning capacity after he should become of age. See *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 8; *Percival's Case,* 268 Mass. 50, 54–55; *Byam* v. *Carlisle-Ayer Co.* 272 Mass. 176, 179; *Rosenkranz* v. *Lindell Railway,* 108 Mo. 9, 17. In the absence of evidence of extraordinary ability, common experience as to

the earning capacity which a boy — about fourteen years of age at the time of the injury and sixteen years of age at the time of the trial — would have after he became of age and the effect thereon of the physical disability shown may be as sure a guide as any evidence ordinarily available.  To place a money value upon such impairment of earning capacity is not more difficult than other problems which juries frequently are required to solve.  "That it is difficult to ascertain the damages or that they depend upon events which are contingent, uncertain or matter of opinion is no sound objection to the recovery."  *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 8.  See also *Walsh's Case,* 227 Mass. 341, 344.  A finding of damages for impairment of the plaintiff's earning capacity after he should become of age would not necessarily pass beyond the field of probability into the field of conjecture.  Of course the jury could not properly go outside the field of probability, but in this respect they were adequately cautioned by the charge. *Bagley* v. *Kimball,* 268 Mass. 440, 442.

*Exceptions overruled.*