ROSE PARKER *vs.* JACOB S. LEVIN.

Suffolk.     October 25, 1933. — January 4, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Landlord and Tenant,* Construction of lease, Breach of covenant. *Damages,* In contract. *Practice, Civil,* Exceptions. *Words,* "Delicatessen store."

In a lease, "for the purpose of operating a delicatessen store," of one of a block of several stores all owned by the lessor, the lessor covenanted "that no other delicatessen store shall be located on the premises" included within the block. *Held,* that the words "delicatessen store" in the covenant meant a store that sells delicatessen, and not merely one that sells nothing else.

The lessee in the lease above described was entitled to maintain an action of contract against the lessor for breach of the express covenant, where it appeared that, after such lease had been given, the lessor had leased another store in the block to a third person "for the purpose of a general merchandise business, including fresh meats, fish, fruits, vegetables, delicatessen, pastry items."

The measure of damages in the action above described was the difference in value between the plaintiff's leasehold with the covenant against competition unbroken, and the same leasehold with a store in the same block selling delicatessen as of right, and loss of profits by the plaintiff had a bearing only so far as it related to such difference in value.

A request by the defendant, at the trial of the action above described, for a ruling which based the plaintiff's damages on loss of profits rather than on diminution in value of the leasehold, and on the injury from the competitor's right to compete rather than the injury from actual competition, properly was refused.

At the trial of the action above described, the annual rental provided in the lease of the plaintiff, and the amount of the actual monthly business of the plaintiff appeared in evidence; and it also appeared that the leases of the plaintiff and of the competing store were for five years and that there was no other store selling delicatessen in the immediate neighborhood at the time when the plaintiff's lease was given. A judge, who heard the action without a jury, found for the plaintiff and assessed substantial damages. The defendant alleged exceptions and contended that not more than nominal damages should have been assessed, but made no contention as to the amount awarded nor the method of assessment. *Held,* that

(1) Although the plaintiff's damages could not be computed with exactness, it was apparent in the circumstances that the breach of covenant did cause substantial damages;

(2) Although the basis for a rational estimate of substantial damages was scanty, it could not be said as a matter of law that no basis existed, or that the award of more than nominal damages must have been a pure speculation;

(3) In the circumstances, it was not open to the defendant to contend that the evidence was in law insufficient to support the finding as to damages.

CONTRACT. Writ dated April 26, 1932.

In the Superior Court, the action was heard by *Weed*, J., without a jury. It appeared that, at the time when the lease was given to the plaintiff, the defendant was the owner of a block of stores numbered 1119–1147 Broadway, Somerville. Other material facts are stated in the opinion. There was a finding for the plaintiff in the sum of $1,120 with interest from the date of the writ. The defendant alleged exceptions.

The case was submitted on briefs.

*S. Sigilman*, for the defendant.

*H. Mandelstam & S. Eisenstadt*, for the plaintiff.

LUMMUS, J. On August 25, 1931, the defendant leased to the plaintiff, for five years beginning September 1, 1931, a store at 1147 Broadway in Somerville, "to be used for the purpose of operating a delicatessen store such as is now conducted [by the plaintiff] on the premises," and covenanted "that no other delicatessen store shall be located on the premises: viz: 1119–1147 Broadway, Somerville." On April 26, 1932, the plaintiff brought this action for breach of the covenant. The fact was, that the defendant, on October 23, 1931, leased for five years to The Great Atlantic and Pacific Tea Company a store on the premises referred to in the covenant, at 1141 and 1143 Broadway, "for the purpose of a general merchandise business, including fresh meats, fish, fruits, vegetables, delicatessen, pastry items." The judge, sitting without a jury, found that the word "delicatessen," which was common to the purposes expressed in the two leases, includes cooked meats, prepared salads, and cheese, all of which were sold by the

plaintiff and The Great Atlantic and Pacific Tea Company in competition with each other. The two stores were separated only by an entrance to the upper floors of the same building. On these facts the judge rightly ruled that the covenant was broken, and that the plaintiff was entitled to recover. A delicatessen store, within the meaning of the covenant, is one that sells delicatessen, and not merely one that sells nothing else. *Fitz* v. *Iles*, [1893] 1 Ch. 77. *Waldorf-Astoria Segar Co.* v. *Salomon*, 109 App. Div. (N. Y.) 65, affirmed 184 N. Y. 584. We cannot follow *Mook* v. *Weaver Brothers, Inc.* 59 Fed. Rep. (2d) 1028, so far as it may tend to the contrary. The plaintiff testified that she vacated the leased premises on April 18, 1932, because of the competition of The Great Atlantic and Pacific Tea Company, but no such question of eviction is involved as the defendant contends. The present action is based on the express covenant against competition. If the covenant could have been enforced specifically against the competing company (*Strates* v. *Keniry*, 231 Mass. 426; *Sheff* v. *Candy Box Inc.* 274 Mass. 402), the existence of that remedy did not exclude an action on the covenant. *Neal* v. *Jefferson*, 212 Mass. 517, 521, 522.

The plaintiff sold other goods besides delicatessen, principally bread, milk, cake, candies and groceries. Her books did not distinguish with any exactness sales or purchases of delicatessen from other sales or purchases. She testified that only ten per cent of her business was other than delicatessen, but that apparently is an under estimate. She testified that in November, 1931, the competition compelled her to change her prices. Her volume of gross sales from the spring of 1931 until the spring of 1932 averaged a little more than $1,500 a month, and there was no material decline in her volume of business. Taking the monthly purchases of goods and operating expenses, and deducting them from the gross sales for the month, there was less difference or "profit" in the later months than in the earlier ones; but as no inventory appears to have been taken the figures have little significance. When the plaintiff took her lease there was no other delicatessen store in

Teele Square, where the premises were situated, and no other delicatessen store nearer than a store owned by her in Davis Square. The judge awarded the plaintiff damages of $1,120, with interest from the date of the writ.

The defendant contends that the damages must be measured by the loss of profits in purely delicatessen business during the plaintiff's occupancy, due to competition in violation of the covenant. But strictly speaking the measure of damages is rather the difference in value between the plaintiff's leasehold with the covenant against competition unbroken, and the same leasehold with a store next door selling delicatessen as of right. Evidence of loss of profits was admissible only so far as it bore upon such difference in value. See *Neal* v. *Jefferson*, 212 Mass. 517; *Nelson Theatre Co.* v. *Nelson*, 216 Mass. 30, 34, 35; *Grennan* v. *Murray-Miller Co.* 244 Mass. 336, 339; *Brackett* v. *Commonwealth*, 223 Mass. 119, 126; *Mann* v. *Scituate*, 260 Mass. 592; *Montgomery County Union Agricultural Society* v. *Harwood*, 126 Ind. 440; *George M. Keebler, Inc.* v. *Land Title & Trust Co.* 266 Penn. St. 440; *Supreme Finance Corp.* v. *Burnee Corp.* 146 Misc. (N. Y.) 374. Compare *Kostopolos* v. *Pezzetti*, 207 Mass. 277; *Powers* v. *Rittenberg*, 270 Mass. 221, 224; *Humphrey* v. *Trustees of Columbia University*, 228 App. Div. (N. Y.) 168. The defendant's third request based the plaintiff's damages on loss of profits rather than on diminution in value of the leasehold, and on the injury from the competitor's right to compete rather than the injury from actual competition. Therefore it was properly refused. No request properly raised the question whether the damages were to be assessed once for all, or only up to the date of the writ. See *Evans* v. *Elliott*, 20 Ind. 283; *Supreme Finance Corp.* v. *Burnee Corp.* 146 Misc. (N. Y.) 374, 375. The principle upon which the judge assessed damages does not appear.

The defendant's fourth, fifth and seventh requests raise the point that the evidence does not warrant an award of more than nominal damages. It is true that the damages cannot be computed with any exactness. But in the nature of things a breach of the covenant against compe-

tition, under the circumstances of this case, would cause substantial damage. The annual rent ran from $1,500 to $1,800 a year, the actual monthly business was about $1,500, the lease to the plaintiff and the lease of the competing store were both for five years. Although the basis for a rational estimate of substantial damages was scanty, we cannot say that no basis existed, or that the award of more than nominal damages must have been a pure speculation. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 8. *Wellington* v. *Cambridge*, 220 Mass. 312, 317. *Lowrie* v. *Castle*, 225 Mass. 37, 51, 52. *Whitcomb* v. *Reed-Prentice Co.* 262 Mass. 348, 360. *O'Reilly's Case*, 265 Mass. 456. *Commonwealth* v. *Hosman*, 257 Mass. 379, 386. *Bradford* v. *Cunard Steamship Co.* 147 Mass. 55, 57. *Hawkins* v. *Jamrog*, 277 Mass. 540, 544, 545. *Connery* v. *Cass*, 277 Mass. 545, 551. If, as we think, more than nominal damages could be awarded, the defendant raises no question as to their amount or the method by which the judge assessed them. *Page* v. *Johnston*, 205 Mass. 274, 279. The general exception to the finding does not raise the point that the evidence was insufficient in law to support it. *Keohane, petitioner*, 179 Mass. 69, 73. *Reid* v. *Doherty*, 273 Mass. 388.

*Exceptions overruled.*