DELIA THIBAULT *vs.* NELLIE M. DEVIO, executrix.

Worcester.   September 25, 1945. — October 31, 1945.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Damages,* For breach of contract.   *Value.   Evidence,* Of value.

At the trial of an action for the value of services rendered by the plaintiff to a woman for many years before her death, testimony by the plaintiff in detail as to performance of common household duties and personal services was sufficient to warrant a finding of substantial damages even without testimony by the plaintiff or opinion evidence as to the value of the services.

CONTRACT.   Writ in the Superior Court dated September 28, 1942.

The case was tried before *Buttrick,* J.   The bill of exceptions states: "There was no evidence offered by the plaintiff or the defendant as to the fair market value of the services performed by the plaintiff or the fair market value of the services of one doing work of the kind and nature and under the circumstances as that performed by the plaintiff during the periods for which she makes her claim except as contained herein."

The case was submitted on briefs.

*F. B. Hall, H. H. Hartwell, & J. F. Driscoll,* for the defendant.

*C. S. Murphy,* for the plaintiff.

RONAN, J.   This is an action of contract to recover for services rendered by the plaintiff to a Miss Dudley, the defendant's testate, late of Worcester, from 1912 to 1942. The answer was a general denial.   The jury returned a verdict for the plaintiff for $335.   No exception was taken to the instructions given as to the measure of damages, but the defendant excepted to the refusal of a request for a ruling that damages in excess of nominal damages could not be awarded because there was no evidence of the value of the plaintiff's services.

The jury could find that Miss Dudley had submitted to an operation in 1912 and requested the plaintiff to do some work for her; that the plaintiff went to Miss Dudley's home nearly every day; that she did a little washing, carried up coal and wood and kept the fires burning, did errands, and brought food to Miss Dudley; that from 1924 until the death of the decedent in 1942 she spent "lots of time" with Miss Dudley; that she was with her all the time each winter; that in 1924 Miss Dudley was confined for three weeks in a hospital; that Miss Dudley left the hospital and came to the plaintiff's home, where she spent the winter and was cared for by the plaintiff; that for a period of three months she sat up with Miss Dudley nearly every night while Miss Dudley was ill; and that she did Miss Dudley's housework from 1924 to 1942.

The plaintiff testified in considerable detail as to the kind and nature of the various services that she performed, the time expended in rendering many of these services, the condition of the decedent's health over the years, and the promise of the decedent to will all her property to the plaintiff. It would have been competent for the plaintiff to testify to the value of her services, but she did not. *Copithorne* v. *Hardy*, 173 Mass. 400. *Rizzo* v. *Cunningham*, 303 Mass. 16.

Although there was no opinion evidence evaluating the plaintiff's services, much of her services was the performance of household duties and the remainder was the services ordinarily performed for an ailing or aged person. It would be difficult to imagine a more common kind of services or one with which the ordinary individual is more familiar. Even if an opinion of the value of the plaintiff's services were introduced in evidence, the jury were not bound to accept any such opinion as true; and if they rejected such testimony, they would not thereby be prevented from determining for themselves upon all the other evidence what would be the fair and reasonable compensation for such services. *Manilla* v. *Houghton*, 154 Mass. 465, 468. *Walker* v. *Russell*, 240 Mass. 386, 393. *Humes* v. *Barron*, 263 Mass. 583, 584. *Byam* v. *Carlisle-Ayer Co.* 272 Mass. 176, 179.

The jury may be assumed to have acquired from their common experience and general knowledge of ordinary affairs a practical judgment which they could use in evaluating services of the nature in question and in arriving at a proper conclusion upon the evidence and in compliance with the principles of law given to them by the judge. They were properly instructed that the amount of damages could not be based upon speculation or conjecture, and that if the contract was broken and they were unable to estimate the amount of money the plaintiff was entitled to, then they were to return a verdict for nominal damages. *Bagley* v. *Kimball*, 268 Mass. 440, 442. *Cross* v. *Sharaffa*, 281 Mass. 329, 332. The evidence was sufficient to furnish an adequate basis for the jury for estimating the amount of compensation that they awarded. The case falls within the authority of numerous decisions. *Bradford* v. *Cunard Steamship Co.* 147 Mass. 55. *Manilla* v. *Houghton*, 154 Mass. 465, 468. *Scullane* v. *Kellogg*, 169 Mass. 544, 550. *McGarrahan* v. *New York, New Haven & Hartford Railroad*, 171 Mass. 211, 220. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 8. *Commonwealth* v. *Hosman*, 257 Mass. 379, 386. *Cross* v. *Sharaffa*, 281 Mass. 329, 331. *Parker* v. *Levin*, 285 Mass. 125, 129. *Doherty* v. *Ruiz*, 302 Mass. 145, 147.

*Exceptions overruled.*