*Southern Division*

**FRED M. THOMAS**
**v.**
**EMMA L. VERA**

*Present:* Nash, P. J., Cox and Callan, JJ.

Case tried to *Horrocks, J.,* in the Third District Court of Bristol. No. 2612.

*Cox, J.* This is an action of contract to recover for legal services rendered the defendant. There was a finding for the plaintiff in the sum of $100.00. The case was reported because the defendant claims to be aggrieved by the denial of her single request for a ruling that there is no evidence on which the court can base a finding for the plaintiff.

Two points are raised by the defendant, the first, that the defendant was acting as her husband's disclosed agent in employing the plaintiff and that he and not she is liable, and second, that there is no evidence of the value of the plaintiff's services.

A wife may be the agent for her husband. *Collins v. Croteau,* 322 Mass. 291, 292.

However, the mere relationship of husband and wife is not sufficient to show that Mrs. Vera was acting as the agent of her husband in employing the plaintiff. *Hannon v. Schwartz,* 304 Mass. 468, 470.

"The existence of an agency between husband and wife frequently rests upon various circumstances and usually presents a question of fact." *Gordon v. O'Brien,* 320 Mass. 739, 742. That case explains that such an agency need not be established by direct

evidence that one spouse appointed the other to transact the business in question for the other, or that the appointing spouse admitted the agency. It would be enough to show that one spouse was acting in behalf and for the benefit of the other with such other's consent and knowledge, or that upon hearing of the action of one spouse the other ratified it. In this respect the marital relation becomes an important factor in determining whether the spouse alleged to be the principal knew and acquiesced in what the other was doing with reference to his affairs. If Vera had permitted his wife to act as his agent, then his silence would not shield him from liability to those who dealt with her on a matter on which he allowed her to act for him. *Gordon v. O'Brien,* 320 Mass. 739, 741, 742.

In the record before us there is no evidence that Mrs. Vera was the general agent of her husband when the actions were brought against him. At that time he was out of the country. There is nothing reported that would indicate that he had any knowledge that the actions had been commenced against him when his wife consulted the plaintiff. True, it can be said that he was benefited by having counsel employed to defend the actions, but, it is also true that Mrs. Vera requested the plaintiff to represent her husband primarily because she did not wish the real estate which stood in her name as well as in that of her husband to be jeopardized by the actions against him. There is no evidence of any ratification on Mr. Vera's part. The judge was warranted in finding

that the plaintiff dealt directly with the defendant as a principal and not as an agent for her husband. Having dealt with Mrs. Vera as a principal and not as an agent, the plaintiff could not proceed against her husband on the ground that she had apparent authority to act for him. *Marsh v. S. M. S. Co.*, 289 Mass. 302, 307. There is no legal inability on the part of the defendant as a married woman to contract directly with the plaintiff for his legal services. *Cummings v. Brenci,* 334 Mass. 144.

▮▮▮▮ We consider the defendant's second contention that there is no evidence of the value of the plaintiff's services as if that question were raised in her request for ruling. Even if an opinion of the value of the plaintiff's services had been given in evidence, the judge was not required to accept it, and he would not thereby be prevented from determining himself upon all the other evidence what would be the fair and reasonable compensation for such service. It would appear that the judge from his general knowledge of such matters could and did fairly evaluate the plaintiff's legal services which were more than nominal. *Thibault v. DeVio,* 318 Mass. 605; *Parker v. Levin,* 285 Mass. 125, 128, 129; *Maynard v. Royal Worcester Corset Co.,* 200 Mass. 1, 8; *Manilla v. Houghton,* 154 Mass. 465, 468. See also *Dalton v. Demos Brothers General Contractors, Inc.,* 334 Mass. 377, 379.

As we perceive no error in the denial of

the defendant's request for ruling, the Report should be ordered dismissed.

Thomas & Thomas of New Bedford for the Plaintiff.

George B. Goodman of New Bedford for the Defendant.