*Northern District*

No. 5743

**ARTHUR TAMASI**

v.

**ANGELO FABRIZIO D/B/A**

December 26, 1963

*Present*: Brooks, P. J., Connolly & Parker, JJ.

Case tried to ———— *J.* in the District Court of Southern Essex. No. 1425A of 1962.

*Connolly, J.* The declaration in this action contains two counts: the first, alleging a breach of contract; and the second, alleging negligence in the performance of certain work under a contract. The answer is a general denial.

*There was evidence at the trial that* the plaintiff hired the defendant to do certain carpentry work; that the work was not done in accordance with the contract of hire, or was done in a negligent manner; that to enable the defendant to correct his defective work, it was necessary for the plaintiff to hire the Maplewood Plumbing Company to do certain preliminary plumbing work; that it was also necessary to employ a electrician and the fair and reasonable value of his work was $15.00; that an employee of the Maplewood Company kept the sheets of the work done on this job by his company; that the company sent the plaintiff a bill for its work. Over the objection of the defendant, the time sheets and bill were admitted in evidence by the trial judge as "business entries." G. L. c. 233, §78.

At the close of the evidence, the trial judge notified counsel for both parties at the bench that he found for the plaintiff for $157.30,

which finding was thereafter entered upon the docket.

The time sheets and the bill are not included in the report but we infer from the action of the trial judge that the bill was in the amount of $142.30 ($157.30, the amount of the finding, less $15.00, the reasonable cost of the electrical work).

■ The measure of the plaintiff's damages in this case is the amount of the *reasonable cost* of repairing the defendant's defective performance (emphasis supplied). *DiMare v. Capaldi,* 336 Mass. 497, 502.

The plaintiff did have evidence of the reasonable cost of the electrical work ($15.00) but the only evidence of the cost of the plumbing work is the time sheets and the bill submitted by the Maplewood Plumbing Company to the plaintiff. A qualified employee of the company, or some other person familiar with plumbing charges for work of the nature involved in this case, could have testified as to the reasonable value of these services but no one did.

■ Some services are of such a common kind that a trial judge, in the absence of any direct and affirmative evidence as to their value, may be presumed to be familiar with them and so permitted to fix their fair and reasonable value. *Thibault v. DeVio,* 318 Mass. 605, 606, 607.

■ But a trial judge cannot be assumed to have acquired from common experience and general knowledge of ordinary affairs

such information as will enable him justly to evaluate services of a nature as special as the ones in question. *Driscoll v. Bunar,* 328 Mass. 398, 403; *Hurwitz v. Parkway Country Club, Inc.,* 343 Mass. 661, 666.

Since we do not consider the time sheets and the bill as competent evidence of the reasonable cost of the plumbing work involved, we are of the opinion that the trial judge was in prejudicial error in treating it as such.

The case is returned to the District Court of Southern Essex for a new trial on the sole issue of damages.

*No brief or argument for the Plaintiff.*

F. C. Reynolds, of Everett, for the Defendant.