*Municipal Court of the City of Boston*
No. 138271
## HARRY DAVIS
v.
## LIVING ALUMINUM CORP.

Argued: March 25    Decided: April 4, 1966.

*Present*: Adlow, C.J., Glynn, J.

Case tried to *Lewiton, J.*

*Adlow, C.J.*  Action of contract or tort to recover for damage to premises resulting from the unauthorized removal of a portion of the shingling on a house of the plaintiff located in Roslindale. *There was evidence that* in May, 1965, there were negotiations pending with respect to the execution of a contract between the parties with respect to replacing the exterior sidewalls of the house of the plaintiff located at 54 Albano Street, Roslindale. Because the contract was conditioned on the plaintiff's mortgagee advancing the money needed and taking a larger first mortgage, the contract never became effective.

*There was evidence that* while these negotiations were pending, the defendant was authorized to remove certain sections of the asbestos shingling now on the house, and hang in its place the aluminum siding which it was proposed to use in the projected renovations. There was conflicting evidence as to where these samples should be applied. According to defendant no restriction was put on the defendant as to the exact part of the exterior of the house; according to the plaintiff the permission applied only to the rear of the house. Actually the removal of the shingling was effected on the side of the house and in view of the court's finding was clearly unauthorized.

The only issue raised by this report concerns the sufficiency of the evidence to war-

rant the finding of the court for the plaintiff in the amount of $1,000. In a general way this evidence indicated that about 200 square feet of asbestos shingling had been removed from the side of the house; that the tar paper under the asbestos had been torn away in places; that drain pipes on the side of the house had been disconnected and left dangling; that as a result the house was left exposed to damage from the elements. Photographs of the condition were presented to the court. In addition to the above the plaintiff testified that the value of the house before the alleged trespass was $18,500, and that its value after was $17,500.

█ While the defendant objected to this testimony by the plaintiff and claimed a report, he did not save his rights as required by the Rules of this Appellate Division and the propriety of the court's ruling to this evidence is not before us. [Rule 28].

At the close of the evidence the defendant requested the court to rule that "There is no evidence presented by the plaintiff on the basis of which the court may find damages in any amount - - -." The court denied this request and found for the plaintiff in the amount of $1,000. Whether this ruling was proper is the sole issue argued before this court.

█ There was no error. While it is true that the cross-examination of the plaintiff by the defendant tended to reveal a shallow basis for the plaintiff's estimate of the dimin-

ished value of the property, it does not lie in the defendant's power to complain. The plaintiff testified that he had received an estimate for repairing the damage from the Parkway Construction Company but on the objection of the defendant he was not allowed to testify as to what it was. Having been sustained in his objection to the introduction of this evidence, the defendant cannot complain that there was no basis for the testimony of the plaintiff. Whether or not the plaintiff was qualified to offer an opinion on the question of damage lay in the discretion of the court. *Reed v. Washington Insurance Co.,* 138 Mass. 572, 573; *Shaw v. Keown & McEvoy, Inc.,* 243 Mass. 221; *Sacks v. McKane,* 281 Mass. 11; *Monici v. Orton Crane & Shovel Co.,* 285 Mass. 499.

Aside from these considerations we must not overlook the fact that the damaged area included the drains on the side of the house as well as the exposure of the house to the weather, none of which elements were included in the questions directed to the plaintiff by the defendant. In addition to all of these, the court was guided by the photographs which were in evidence.

██ In all these cases involving commonplace items of repairs, it has not been unusual for our courts to rely on the judgment of the triers of the facts, whether they be judge or jury. Scientific accuracy in determining damage is desirable but rarely achieved. It is not without significance that the awards of

judges and juries in injury cases are usually made without any direct evidence bearing on the monetary value of the impairment suffered. Many of the awards in cases involving property interests have been sustained despite the fact that they represent the judgment of the trier of the facts and nothing more. *Bradford v. Cunard Steamship Co.,* 147 Mass. 55, 57; *Piper v. Childs,* 290 Mass. 560, 563; *Thibault v. DeVio,* 318 Mass. 605, 606.

In the cause under review we cannot overlook the fact that the court as the trier of the facts was not without qualifications, *sui generis,* to ascertain the amount of the damage suffered by the plaintiff. The litigation that flows through the courts in an endless stream presents many questions involving costs of repairs, and judges have great familiarity with the problems posed by such disputes. The many cases that have declared an owner of property qualified to testify as to the value of his property before and after damage appeal to our sense of justice because there is nothing conclusive about such testimony. The rule merely provides a starting point for the trier of the facts to work out a fair solution of the problem posed. The trier of the facts guided by his own experience and knowledge may reject the evidence. He may accept it, or he may bring in his own estimate. His evaluation may not be perfect, but coming from one unaffected by partisan considerations, we have every reason to expect that it

will not be conjectural or capricious. Aside from all this the validity of the rule permitting such evidence is sustained by countless rulings, and has contributed greatly to the efficient administration of justice. *Maynard v. Royal Worcester Corset Co.,* 200 Mass. 1, 8; *Cross v. Sharaffa,* 281 Mass. 329, 331; *Thomas v. Vera,* 18 Mass. App. Div. Dec. 109, 112; *Weiner v. Bernstein,* 22 Mass. App. Div. Dec. 32, 35.

There is no error. *Report dismissed.*

James J. McCusker of Boston for the Plaintiff.

Lawrence Weiss of Boston for the Defendant.