*Western District*
#170344

## ARLINGTON REALTY CORPORATION

### v.

## VERNON E. BRADLEY

Argued: Mar. 22, 1967   Decided: April 20, 1967

*Present:* Garvey, P.J., Levine, Allen, J.J.

Case tried to *Sloan, J.* in the District Court of Springfield ꞏ#170344

*Garvey, P.J.* The only issue presented by this report is the adequacy of damages awarded the plaintiff on its claim for use and occupancy of its premises.

From the reported evidence it appears that the plaintiff was the owner of a four or five year old building in Springfield, containing approximately four thousand square feet of space on one floor. On February 1, 1962 the premises which had been used as an automobile salesroom were leased by Coffee House Theatre, Inc. (Coffee House) for use as a theatrical type coffee house. It agreed to pay a monthly rent of $500.00 for the first year; $550.00 for the second and $600.00 for the third. Because of non-payment of rent the lease was terminated on November 23, 1962.

The defendant held a mortgage on various chattels of Coffee House. At a foreclosure

sale held on November 20, 1962 on the premises, the plaintiff made an announcement "to the effect that all goods bought at the sale would have to be removed from the premises by 5:00 o'clock that afternoon; otherwise there would be a thirty ($30.00) dollar per day charge for leaving the property on the premises". The defendant was the successful bidder. Some of the chattels, consisting principally of chairs and tables, remained on the premises until January 11, 1962. No other person occupied the premises during this period.

The court found for the plaintiff and assessed damages in the amount of $322.32, and made the following special findings of fact:

"I find that the lease between Coffee House Theatre, Inc. and Arlington Realty Corporation dated February 1, 1962 for the premises at 15 Mill Street, Springfield, for a term of 3 years was terminated by the plaintiff effective November 23, 1962. On November 20, 1962 the defendant as mortgagee of the personal property located at 15 Mill Street purchased at foreclosure sale, certain tables and chairs. These chairs and tables remained on the premises until January 11, 1963. I find no agreement was entered into between the plaintiff and defendant as to the rent to be paid while the chairs and tables remained on the premises. I find the fair rental value of the premises occupied by these chairs and tables was $6.32 a day."

Although his attorney was present and heard the announcement of the proposed thirty dollar a day charge there is nothing in the report to indicate the defendant agreed to be bound by it. There was no error in the denial of the plaintiff's requests for rulings of law

directed to this issue. He is, however, bound to pay the fair rental value of the premises during his occupancy, *Flesher* v. *Handler,* 303 Mass. 482; *Taylor* v. *Dexter Engine Co.,* 146 Mass. 613, as an automobile salesroom, coffee house, or similar commercial business although used only for storage purposes. *Horton* v. *Cooley,* 135 Mass. 589. The only evidence on this issue was the lease entered into earlier the same year which provided for a monthly rental of $500.00 — $16.00 daily. There is nothing to indicate the basis for the determination by the trial judge of a fair rental value of $6.32 a day.

Damages must be established "upon a solid foundation in fact" and cannot be "left to conjecture, surmise or hypothesis". *John Hetherington & Sons, Ltd.* v. *William Firth Co.,* 210 Mass. 8, 22.

In some instances in assessing damages a judge is not prohibited from applying his common experience and general knowledge of ordinary affairs. As Chief Judge Adlow so cogently said in *Davis* v. *Living Aluminum Corp.,* 17 Legalite 374: "In the case under review we cannot overlook the fact that the court as the trier of the facts was not without qualifications, *sui generis,* to ascertain the amount of damage suffered by the plaintiff. The litigation that flows through the courts in an endless stream presents many questions involving costs of repairs, and judges have great familiarity with the problems posed by such disputes."

We cite a few of the cases applying to this rule. *Thibault* v. *DeVio,* 318 Mass. 605, *Mason* v. *Balck,* 341 Mass. 347 (household duties and caring for an aged person); *Cross* v. *Sharaffa,* 281 Mass. 329 (extent of disability); *Maynard* v. *Royal Worcester Corset Co.,* 200 Mass. 1 (securing employment); *Weiner* v. *Bernstein,* 22 Mass. App. Dec. 32 (costs of completing building contract); *Thomas* v. *Vera,* 18 Mass. App. Dec. 109 (attorney's fees). See cases collected in *Springfield Hospital* v. *Copson,* 10 Mass. App. Dec. 85.

But it was held in *Driscoll* v. *Bunar,* 328 Mass. 398, 403 that "A jury cannot be assumed to have acquired from common experience and general knowledge of ordinary affairs such information as will enable them justly to evaluate the services of a real estate broker. The plaintiff could have testified to the value of his services and so could anyone who was found qualified to do so". In *Hurwitz* v. *Parkway Country Club Inc.,* 343 Mass. 661, an action to recover for services rendered in promoting a professional golf tournament, at page 666, the court said: "The plaintiff was entitled to recover the fair value of his services . . . He did not, however, offer any evidence of their value, and they were of such a special nature that a jury could not from their ordinary knowledge and experience determine what they were reasonably worth".

The rental value of commercial property is

not, in our opinion, within the common knowledge of judges or juries. **The finding on Count 1 is to be vacated and a new trial ordered on the issue of damages.**

GILBERT W. BARON
  of Springfield for the plaintiff.
EMERSON S. SEARLE
  of Springfield for the defendant.