MARY E. O'LEARY *vs.* JACOB MILLER COMPANY. January 17, 1985. *Negligence,* One owning or controlling real estate. *Practice, Civil,* Instructions to jury.

Mary E. O'Leary, an elderly woman, fell and hurt herself on a carpeted step in Walter's, the defendant's restaurant in Brookline. After a trial in the Superior Court on O'Leary's complaint that the defendant was negligent, the jury returned a verdict for the defendant. In this appeal, O'Leary claims that the trial judge erred in not admitting evidence of prior accidents at the same spot and in failing to instruct the jury as to the relationship between O'Leary's age and the required standard of care. We agree with the contention that there was error in the instructions, and we, therefore, reverse.

There was evidence that the plaintiff and her luncheon companions were elderly and that elderly people comprised a substantial portion of the restaurant's clientele. O'Leary asked that the judge in his instructions to the jury refer specifically to the age of the clientele. All that was said to the jury with regard to the defendant's liability was as follows:

"It is incumbent upon the plaintiff here to prove by a fair preponderance of the credible evidence and any reasonable inferences that may be drawn therefrom that the defendant was negligent.
"The defendant has a duty to keep its premises in a reasonably safe condition; and, if you find that the plaintiff has prove[d] that the defendant failed to keep its premises in a reasonably safe condition, that it knew or should have known that they weren't and had ample

> opportunity to do something about it and did not, then you may find
> that the plaintiff has prove[d] that the defendant is negligent."

Although the judge could properly have given the requested instruction, he may not have been required to do so. At a minimum, however, he was required to refer generally to the attendant circumstances in explaining negligence to the jury. In other words, he should have indicated in some way to the jury that negligence is the failure to exercise that degree of care which is reasonable in the circumstances. See *Upham* v. *Chateau de Ville Dinner Theatre, Inc.*, 380 Mass. 350 (1980); *Mounsey* v. *Ellard*, 363 Mass. 693, 707-709 (1973); Restatement (Second) of Torts § 283 (1965). Virtually all recommended jury instructions for negligence cases include in the formulation some reference to the circumstances. See e.g., 4 Branson, Instructions to Juries § 2323, at 378-379 (1962 rev.), quoting from *Bagley* v. *Kimball*, 268 Mass. 440 (1929); Prosser, Torts § 37, at 237 n.12 (5th ed. 1984); Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases) 108 (1980). By referring to the duty of the restaurant owner to keep its premises in a reasonably safe condition, without any reference to the circumstances, the judge may have led the jurors to believe that negligence is an inflexible concept not dependent on such risk factors as the customary use of the premises and the characteristics of the patrons. We think the objection made by counsel for O'Leary at the appropriate time adequately brought this issue to the attention of the trial judge.[1]

It is unnecessary for us to decide the evidentiary issues raised. At a new trial the judge will have the opportunity to exercise anew the discretionary function of determining the admissibility of any evidence offered of prior similar accidents. See *Robitaille* v. *Netoco Community Theatre of No. Attleboro, Inc.*, 305 Mass. 265 (1940).

The judgment is reversed. The case is to stand for new trial.

*So ordered.*

*Leo J. Dunn, III,* for the plaintiff.
*D. Alice Olsen* for the defendant.

---

[1] The case was submitted to the jury on special questions. The first question asked if the defendant was negligent. The second question related to the plaintiff's alleged negligence. The jury answered only the first question, in the negative. In defining the standard of care required by the plaintiff for her own safety, the judge did define negligence properly. Reading the charge as a whole, however, we cannot assume that the jurors would know that they were to apply the same test to the defendant's conduct as to the plaintiff's.

