JOHN COLLINS *vs.* NEW ENGLAND IRON COMPANY.

Suffolk.   March 5. — 7, 1874.   WELLS & ENDICOTT, JJ., absent.

Evidence of a custom in a trade to have printed rules and regulations requiring workmen to give notice a certain number of days before leaving, and to work out the time, or else to forfeit the wages due, is inadmissible, unless the party seeking to avail himself of the custom offers to show that the other party knew of it.

If a workman does not know of such rules when he begins work, the fact that he is afterwards informed of them and continues to work without objection, does not as a matter of law show that he assented to the rules as a part of his contract

CONTRACT to recover of the defendant the sum of $39.00, a balance due the plaintiff for personal services as water-tender in the defendant's rolling mill, at Readville.  Trial in the Superior Court before *Putnam*, J., who after a verdict for the plaintiff, allowed the following bill of exceptions :

" It was agreed that the plaintiff was hired for such services at the rate of two dollars per day, but the defence was that the plain-

tiff made a special contract at the time of the hiring by which he was to give two weeks' notice before the time of his leaving, or forfeit his wages; that the rules and regulations of the mill, which were to that effect, were shown to him at the time of his contract, and that he had forfeited his wages by voluntarily leaving the employ of the defendant without giving two weeks' notice and working out the same, as the said printed rules and regulations of the corporation required. Rules second and third were as follows, to wit: ' 2. All men employed in and around the mill will be required to give two weeks' notice. 3. If any person leaves without notice, it will be understood that he forfeits what money may be due him at the time of leaving.' It was admitted at the trial, that these were the rules and regulations at the time of the plaintiff's hiring, during the whole time of his employ, and also at the time of his leaving. The foreman of the rolling mill, who, it was agreed, hired the plaintiff, testified that he told the plaintiff at the time of the hiring, that if he should want to leave, he must give two weeks' notice before he could get his pay, and that this was assented to by the plaintiff as part of the agreement. It was also admitted that one copy of these rules and regulations was posted in the mill, in the pump-room, and one outside the pump-room.

" The plaintiff testified that no such contract was made by him, that it was simply a hiring at the rate of two dollars per day, and that he did not leave off voluntarily, but that at one time when he called upon the agent for some money, he said to him that their rules were to pay on the tenth of every month, and that if he was not satisfied with that, he might go. The agent testified that at this interview he did not tell him that he might go, but that he told him then what the rule was about forfeiting his wages. This was two or three days before the plaintiff left.

" The plaintiff further testified on cross-examination that about a week or ten days before he left the employ of the corporation, he read the first few lines of the first rule of the printed copy that was posted in the pump-room where he worked; but that he did not read the second and third rules and knew nothing of them prior to the time of trial in the court below. The defendant's counsel offered to prove the existence of a custom among rolling mills of having printed rules and regulations requiring their workmen to give notice before leaving their employ, and to work

out the same or else forfeit their wages then due, prior to his making his contract with the defendant. But the court ruled that such evidence was inadmissible. The defendant's counsel requested the court to instruct the jury, that if they should find that the plaintiff did not know of these rules and regulations at the time of the contract, but that he knew of them afterwards, or was informed of them by the agent, as the agent had testified, and continued to work for the defendant afterwards, making no objection thereto, he thereby assented to work under the same, and forfeited what money might be due him at the time he left. This instruction the court declined to give, but instructed the jury that if they found that when he was afterwards informed of these rules, or knew of them, he made no objection to them, they might consider that fact as bearing on the question whether or not he knew of them at the time of making the contract. The defendant excepted."

*H. H. Smith,* for the defendant.

*W. H. H. Andrews,* for the plaintiff.

MORTON, J. The custom which the defendant offered to prove cannot affect the plaintiff unless he had knowledge of it. As the defendant did not offer to show that the plaintiff knew of such custom, the court properly rejected evidence of its exist‑ence. *Stevens* v. *Reeves,* 9 Pick. 198. *Dodge* v. *Favor,* 15 Gray, 82.

The defence in this case was that the defendant's rules provided that if a workman left without giving two weeks' notice he should forfeit what money might be due him at the time of leaving; that the plaintiff knew of this rule and had forfeited the wages due him by leaving without notice. The verdict of the jury establishes that the plaintiff did not know of these rules when he made his contract. The defendant asked the court to rule, that if the plaintiff did not know of the rules at the time of the contract, but knew or was informed of them afterwards, and continued to work making no objection, " he thereby assented to work under the same and forfeited what money might be due him at the time he left." The court rightly refused this ruling. The fact that he was informed of the rules and continued to work without objection may be competent evidence that he assented to the rules as a part of the contract, but it is open to explanation and does not

conclusively and as matter of law show such assent, and that he agreed to forfeit his wages if he left without notice.

*Exceptions overruled.*