JOHN PRESTON *vs.* AMERICAN LINEN COMPANY.

Bristol.    Oct. 29, 1875. — Jan. 10, 1876.    MORTON & LORD, JJ., absent.

A laborer who has assented to a regulation of his employer providing that "all persons intending to leave are required to give two weeks' notice of such intention to the overseers of their respective rooms, and no person will be considered honorably discharged or entitled to wages then due unless this regulation is complied with," cannot maintain an action to recover for his labor if he has left his work without giving the required notice, although the defendant is not restrained from dismissing the plaintiff without notice.

In an action by a laborer who worked under no express contract, and was engaged for no definite time, to recover for his services to his master, it appeared that the plaintiff had been in the defendant's employ fourteen months, and that he had regularly received his pay in an envelope on which was printed a regulation of the defendant, providing that "all persons intending to leave are required to give two weeks' notice of such intention to the overseers of their respective rooms ; and no person will be considered honorably discharged or entitled to wages then due unless this regulation is complied with." It did not appear that the plaintiff knew of this regulation when he commenced the work, but he testified that he read it soon after, and knew of it "about all the time he was in the defendant's employ." *Held,* that it was, rightly submitted to the jury as a question of fact whether the plaintiff assented to be bound by the regulation, and that they were rightly permitted to consider the fact that, after knowledge of it, he continued to work as before.

CONTRACT upon an account annexed to recover for services as a weaver, while in the employ of the defendant corporation, from July 6, to August 1, 1874. The answer contained a general denial, set forth, in substance, the notice which appears below, and alleged that if the plaintiff worked for the defendant he left without giving the notice thereby required, and that the money claimed was thereby forfeited.

At the trial in the Superior Court, before *Wilkinson,* J., it appeared in evidence that the defendant corporation, which carried on the business of manufacturing cotton cloth, paid the operatives

on the third Thursday of each month ; that the pay roll was made out up to and including the second Saturday of each month previous to the pay day, so that there would be several days' labor, being that interval, which would remain unpaid on each pay day until the following pay day ; that the pay of each operative was put in a small sealed envelope and handed to them ; that on the outside of this envelope, plainly to be seen, the following words were printed : "Particular notice. All persons intending to leave are required to give two weeks' notice of such intention to the overseers of their respective rooms ; and no person will be considered honorably discharged or entitled to wages then due unless this regulation is complied with. American Linen Company. Walter Paine, 3d, treasurer. Fall River, 1870."

The plaintiff had been in the defendant's employ about fourteen months, when he left in August, 1874, and had regularly received his pay in an envelope as described. The plaintiff, on cross-examination, testified that he had known the rule or regulation in question about all the time he was in the defendant's employ ; that he could not tell when his attention was first directed to the printed matter on the back of the envelope ; that it might have been soon after he went to work, or might have been later that he read it, but did not pay any particular attention to it ; that he could read and write, and understood that he was to give and work a two weeks' notice before he left ; that he never expressed any dissent from the rule or regulation in question to any officer or agent of the defendant, and never said or did anything from which it could infer that he did not agree to or assent to said rule, or did not understand the same ; that on the first Saturday in August, he went to the second hand of the room where he was working and told him he wished to leave at the close of that day's work, and the second hand told him that if he wanted to leave he must work his notice ; that he went in the afternoon again, shortly before the mill stopped, and told the second hand that he wished to leave at the close of that day, and the second hand made the same reply as in the morning ; that on both occasions he knew what was meant when told that he must work his notice, and that he could not then get his pay if he left ; that he left the defendant's employ at the close of that day's

work, and did not return to work his notice, or offer at any time so to do, although he was able to do so, and under no disability. On the following pay day he went to the mill for his pay, and the overseer testified that he then told him that he could not get his pay unless he worked his notice, and the plaintiff made no reply thereto.  This was denied by the plaintiff.

The plaintiff testified that he understood the printed notice to mean, that if he left without giving and working his two weeks' notice he would not be entitled to his pay on that day, but would be on the following pay day, or two weeks after he left ; that if he worked two weeks after notice he would be entitled to his pay on the day of his leaving, but that he did not understand it to mean that he would forfeit his wages.  The treasurer of the defendant corporation testified, on cross-examination, that he never knew or heard before of such a construction ; he also stated that the rule had been in force about four years, and that there were about one thousand hands employed in the mill.  There was no evidence, and it was not contended by the defendant, that the plaintiff's attention was called to this rule, when he entered its employ, by any of its agents.  The above was substantially all the testimony in the case.

The defendant contended that upon these facts it had a right to infer that the plaintiff had knowledge of and understood the rule and assented thereto, so that it was a contract binding upon him, and that he forfeited his wages by so leaving.  This point was contested by the plaintiff, and he requested the judge to rule and instruct the jury as follows :  " 1. That merely continuing to work, after receiving and reading the notice on the pay envelope as given, would not authorize the jury to find that the plaintiff thereby promised or agreed to forfeit his wages in case he left without two weeks' notice.

" 2. That assent could not be inferred from the fact that he continued in the defendant's employ after reading the notice on the envelope, as he was not thereby required to do or omit to do anything while in its employ, to show his assent.

" 3. That upon the facts shown the defendant fails to prove that the contract relied on by it was a mutual one, and therefore it was not binding.

" 4. That a fair interpretation of the notice on the envelope is not that the employee should forfeit his wages by reason of leaving without notice, but that payment may be delayed.

" 5. That this regulation or notice as given is not a contract, and it imposes a penalty unequal and uncertain in extent, and therefore cannot be enforced as a contract; that upon a fair interpretation thereof, most favorable for the defendant, leaving without notice would only entitle it to recover by set-off or recoupment such special damage as it can show it has suffered."

The judge refused to rule and instruct the jury as requested, but instructed them, among other things, that if they were satisfied that the plaintiff had knowledge of the rule or requirement, and by his silence, or by his words or acts, he assented to it, or gave the defendant a right to believe that he assented to it, it would be a contract binding upon the plaintiff; and continuing to work in its employ after he knew of the rule would be a circumstance tending to show his assent; but that the jury must look at all the surrounding circumstances to see if such contract was entered into, or the defendant was justified in presuming the assent of the plaintiff to the rule or requirement.

The jury found for the defendant; and the plaintiff alleged exceptions.

*J. Brown*, for the plaintiff.

*J. M. Morton, Jr.*, for the defendant.

DEVENS, J. The fair interpretation of the regulation which the defendant had made requires us to hold that by the terms of it those employees who intended to leave work must give two weeks' notice of such intention, and that, failing to do so, they would not be entitled to the wages which would otherwise be due them at the next pay day. Such a regulation, if assented to by the plaintiff, would form a part of the contract, and if he violated it by leaving without notice, he could not recover the wages which were then unpaid. The defendant would not be left merely to obtain by action or in recoupment such special damages as it might show it had sustained by the violation of his agreement. *Noon* v. *Salisbury Mills*, 3 Allen, 340. *Hughes* v. *Wamsutta Mills*, 11 Allen, 201. *Potter* v. *Cain*, 117 Mass. 238. It is not quite easy to understand the argument much insisted on by the plaintiff, that as the contract was not mutual, that is, that as it im-

posed no corresponding obligation upon the defendant to give the plaintiff two weeks' notice before dismissing him, it cannot be sustained. It is competent for either party to give to the other the right to terminate the contract abruptly while he himself agrees only to do so upon notice; and such a contract would be good upon sufficient consideration.

The more important inquiry at the trial was whether the plaintiff ever assented to this regulation. There was no evidence that he knew it at the commencement of his work, but he testified that he read it soon after he went to work, and that he knew of it " about all the time he was in the defendant's employ." The instructions submitted to the jury, as a question of fact, whether the plaintiff assented to the regulation so that it formed a part of the contract, and permitted them to consider, as one circumstance, that after knowledge of it he continued to work as before. Assent may be by acts as well as words, and by silence, where a party is fairly bound to speak, if he dissents, as well as by speech itself. *Commonwealth* v. *Galavan*, 9 Allen, 271. *Brigham* v. *Clark*, 100 Mass. 430. The plaintiff was engaged, so far as the case shows, under no express contract, and for no definite time. When first informed of this regulation, if he had refused to be bound by it, and, if it were insisted on, abandoned his work, it could not have been enforced against him; but the fact, that for fourteen months he continued to work with a full knowledge of it, and without any objection to it, legitimately tended to show an assent to it. *Collins* v. *New England Iron Co.* 115 Mass. 23. Whether the plaintiff assented or not was fairly submitted to the jury.                    *Exceptions overruled.*