## DEAN v. WILDER & a.

Whether a rule, printed and posted about their premises by the proprietors of a paper-mill, which provides that employés shall give ten days' notice of an intention to quit the employment or forfeit ten days' pay, becomes part of the contract of hiring so as to be binding on one who enters the service with knowledge of the regulation, is a question of fact.

ASSUMPSIT, to recover for labor at an agreed price. Facts found by the court. The plaintiff engaged in the service of the defendants, knowing that one of their posted rules was, "Persons wishing to leave our employ will give ten days' notice, or forfeit ten days' pay," and that the rule was enforced or not as the defendants saw fit, but generally was not enforced. The plaintiff left without giving notice. He never expressly assented to the rule, and, unless his assent must, as matter of law, be implied, is entitled to recover.

*J. L. Wilson*, for the plaintiff.

*Burleigh & Adams*, for the defendants.

CARPENTER, J. Whether the plaintiff assented to the defendants' rule, and whether the rule entered into and formed a part of the contract between the parties, are questions of fact. *Bradley* v. *Salmon Falls Mfg. Co.*, 30 N. H. 487; *Preston* v. *American Linen Co.*, 119 Mass. 400. The plaintiff's assent to the rule can-

not be found as a conclusion of law upon the reported facts, however strong as matter of evidence they may seem to be.  *State* v. *Hodge*, 50 N. H. 510, 526; *Bickford* v. *Dane*, 58 N. H. 185; *Bank* v. *Getchell*, 59 N. H. 281, 285, 286.

*Judgment for the plaintiff.*

SMITH, J., did not sit: the others concurred.