*Municipal Court of the City of Boston*

No. 22462

**GERTRUDE WEINER**
**v.**
**CARL BERNSTEIN, ET AL.**

(April 28 — June 22, 1961)

*Present:* Adlow, C. J., Gillen & Canavan, JJ.

Case tried to *Lewiton, J.*

*Gillen, J.* This is an action of contract or tort in which the plaintiff seeks to recover in count No. 1 of her declaration (in contract) damages for the failure of the defendant Robert Bernstein to perform in a workmanlike manner the painting and wallpapering of her home.

The agreed price was $528.00 and she paid this to the defendant when he finished the work. After payment when she looked the work over she found it was not done properly and she brings this action for damages.

*At the trial there was a detailed recitation* of the manner in which the work was done; for example, part of one ceiling was not painted at all; the wallpaper bubbled from the wall and was cracked in places. There were other complaints beside these that are mentioned here.

No evidence was presented of the specific cost of correcting or completing the work "defectively performed".

The trial judge took a view of the premises and examined the painting and papering in the house with particular reference to the items complained of at the trial.

Several requests for rulings of law were acted upon by the trial judge. The trial judge

found for the plaintiff in contract in the amount of $175.00.

The defendant claims to be aggrieved by the action of the trial judge on certain of the requests for rulings of law. Specifically, he complains (1) that no witness testified as to the dollar and cent value of what had to be done to correct the defections of the contractor's work; and (2) it is the rule of damage that where work is done under a contract for labor and materials in the painting of a house and the work does not correspond exactly to the terms of the contract, the measure of damages in such a case shall be a deduction from the contract price of which the value of the house as left by the contractor fell short of what the value would have been if the contract had been exactly performed; and (3) absence of a qualified expert testifying here left the situation one where the trial judge had no evidence on which he could make a finding of the reasonable cost of completing the work.

We think the defendant has lost sight of the fact that the contractor was paid for work he performed on this job and the suit here is to recover damages for what the contractor failed to do. In brief, the contractor fell short of performing a completely workmanlike job.

If the rule of damages that the defendant stresses as set forth in *Pelatowski v. Black,* 213 Mass. 428, and *Divito v. Uto,* 253 Mass. 239 at 242 was the governing one, we think that if the action was that of the contractor (Robert Bernstein) versus Gertrude

Weiner there might be something to this contention, but in this action of Gertrude Weiner v. Robert Bernstein (the contractor) the rule of damages is as set forth in *Hebbs v. Welsh,* 185 Mass. 335 at 337, where the court said, "When the defendant declined to carry out the contract as proved, the plaintiff had the legal right to recover compensation for all damages he had suffered. Such damages would be measured by the cost of labor and materials necessary to finish the designated work which the defendant had failed to perform."

See *Abrams v. Reynolds Metal Company,* 340 Mass. 704.

■ The trial judge visited the premises and inspected the painting and papering job. We think the trial judge could comprehend what work and materials were necessary to make the job whole. We do not think there was need of special knowledge and training to arrive at a sound and fair conclusion of what the monetary value of the damage was. We think the trend of the decisions has been that where the question of damage is to be passed on, the judge or jury, with their knowledge of practical affairs and exercising common experience, can arrive at a sound conclusion, although no witness was put on to appraise the damage if it is a matter within the knowledge of the average juror. *Scullane v. Kellogg,* 169 Mass. 544; *Cross v. Sharaffa,* 281 Mass. 329, 331; *Babikian v. Brown,* 293 Mass. 195; *Ryder v. Warren,* 295 Mass. 25, 28.

We find no error here. *Report dismissed.*

Myron J. Cohen of Boston, for the Plaintiff.
Irving J. Pinta of Boston, for the Defendant.