# Salim HEWI
## vs.
# Albert CERRIONE

Boston Municipal Court Department
Appellate Division, Municipal Court
Trial Court of the
Commonwealth of Massachusetts

February 14, 1980

Carol Goodman for the plaintiff.
Marshall F. Newman for the defendant.

Present: Elam, C.J., Glynn & Grabau, JJ.

GRABAU, J. This is an action in tort in which the plaintiff seeks to recover damages for the loss of his motor vehicle. The answer of the defendant was a general denial. The court found for the plaintiff in the sum of $450.00.

At the trial there was evidence tending to show:

On February 21, 1978 at about 8:00 a.m., the plaintiff drove his 1970 Ford Mustang, which he purchased on September 1, 1977 for $500.00, to the defendant's service station which is located at Roslindale Square, at or near Roberts Street. The plaintiff asked the defendant to repair the vehicle's headlight as it was not functioning properly. The defendant did not have any room at his gas station, which can accommodate about five to six cars, and suggested that the plaintiff park his vehicle on Roberts Street in front of the defendant's gas station. The plaintiff then parked his vehicle at the curbing in front of the defendant's gas station.

After the plaintiff gave the defendant the keys, the defendant placed the keys on his desk in the building where there were six other sets of keys. The desk was a usual depository for all keys left with the defendant.

The defendant worked on the headlight. After repairing the headlight, the defendant got into the plaintiff's car to test the headlight and found that the door to the car was unlocked. After testing the headlight, the defendant shut, but did not lock, the door of the vehicle.

The defendant would permit people, who were waiting at a nearby bus stop, to enter the building to use the lavatory and his telephone.

When the plaintiff returned to get his car at about 1:00 p.m. on the same day, he was unable to locate his car. Both the keys and the car were missing.

The plaintiff offered to give some money to the defendant for his services; namely, $6.00. The defendant at first refused to accept payment, but later accepted the $6.00 as payment.

During the six months of ownership of the car, the plaintiff installed a new starter, purchased two new snow tires and made repairs to the radiator. When the plaintiff purchased his car, it had been driven 50,000 miles, and since then the vehicle had travelled another 12,000 miles.

The defendant is able to observe all activity at his gas station, both while he is outside of the building and also from inside the building.

At the close of the trial and before final arguments, the defendant made the following requests for rulings on which the judge ruled as indicated below:

"1. There is not sufficient evidence to warrant a finding for the plaintiff.
COURT: Denied. See findings of fact.

"2. There is sufficient evidence to warrant a finding for the defendant.
COURT: Yes, sufficient evidence to warrant but not to compel such a finding. See court's findings of fact.

"3. The defendant at no time had control or custody of the plaintiff's motor vehicle.
COURT: Denied. See court's findings of fact.

"4. The bailment, if any, was that of a key for a motor vehicle.
COURT: Denied. See court's findings of fact.

"5. If there is a finding for the plaintiff, the finding must be limited to a fair and reasonable charge of the plaintiff's key.
COURT: Denied. See court's findings of fact.

"6. There must be a finding for the defendant because:
(a) There is no evidence as to the fair and reasonable charge for the key that was given the defendant.
COURT: Denied. See court's findings of fact.
(b) The motor vehicle of the plaintiff was at no time in the control or custody of the defendant.
COURT: Denied. See court's findings of fact.
(c) The defendant has not been guilty of negligence with reference to the loss of the motor

vehicle of the plaintiff.

COURT: Denied. See court's findings of fact.

(d) There has been no evidence as to the fair and reasonable value of the car on February 21, 1978.

COURT: Denied. See court's findings of fact."

The court found the following facts:

"I find that on September 1, 1977, the plaintiff purchased a Ford Mustang for $500. On February 21, 1978, at about 8:00 a.m. the plaintiff drove his motor vehicle to the service station of the defendant for repair of a front headlight. Because of the blizzard of 1978 the defendant told the plaintiff to park the car alongside the curbing of the street and directly in front of the service station, which the plaintiff did. The plaintiff then handed the keys to his car to the defendant which the defendant accepted. The defendant told the plaintiff to return later in the day to pick up his repaired car. The defendant thereupon entered the office of the service station and placed the keys on top of his desk.

"The defendant worked on the headlight. The defendant opened the unlocked door of the car to turn on the light switch to see if the front headlight was working. After checking the repairs he left the car without locking the door.

"The plaintiff returned to pick up his car about two hours after the defendant made the repairs and learned from the defendant that the keys to the car and the car were missing.

"The defendant testified that people waiting for the bus, in front of his service station, frequently enter his office, near where the desk and keys are located, to use the telephone and lavatory.

"The car has never been found.

"Both the plaintiff and defendant testified that the defendant felt badly about the car being gone and the defendant reluctantly accepted $6.00 for repairing the headlight.

"In the six months that the plaintiff owned the car, he installed a new starter, purchased two new snow tires and made repairs to the radiator. At the time he purchased the car it had gone 50,000 miles and he put an additional 12,000 miles on it.

"I find that the plaintiff delivered his motor vehicle and the keys to it, to the defendant for repairs and that the defendant had control of the plaintiff's motor vehicle and was a bailee for hire. As a bailee for a consideration, the defendant was not an insurer of the property received, but would be liable for damage or loss of the bailed property if this resulted from a failure to exercise that degree of care which would reasonably be expected from an ordinarily prudent person in similar circumstances.

"I find that the defendant was negligent in leaving the keys to the plaintiff's motor vehicle on top of his office desk and in plain view and within reach of strangers who entered the office to use the telephone or lavatory on the defendant's premises.

"I find that the plaintiff was in the exercise of due care at the time his motor vehicle was taken.

"I find, from the evidence before me, that the fair market value of the plaintiff's car on February 21, 1978 was $450."

The defendant, claiming to be aggrieved by the denial of his requested rulings numbered 1, 3, 4, 5, 6(a), 6(b), 6(c), and 6(d) reported the same to the Appellate Division for determination.

In all of its requests for rulings, the defendant raised the following questions:

(1) Whether there was sufficient evidence in this case to warrant a finding that the transaction between the parties constituted a bailment of the plaintiff's automobile.

(2) Whether there was sufficient evidence in this case to warrant a finding that the defendant was negligent.

(3) Whether there was sufficient evidence in this case as to the fair market value of the plaintiff's automobile to warrant an award of damages to the plaintiff.

Defendant's requests for rulings numbered 3, 4, 5, 6(a) and 6(b), con-

cerning the bailment of the plaintiff's automobile, were properly denied.

To constitute a bailment, there must be delivery of custody, and control of the goods, and acceptance of the same. Sandler v. Commonwealth Station Co., 307 Mass. 470, 472 (1940); D.A. Schulte, Inc. v. North Terminal Garage, Inc., 291 Mass. 251, 256 (1935); Sewall v. Fitz-Inn Auto Parts, Inc., 3 Mass. App. Ct. 380, 382 (1975). The surrender of automobile keys to a parking lot attendant suffices as delivery of control and possession of the automobile so to create a bailment for hire. Sandler v. Commonwealth Station Co., supra at 471; Sewall v. Fitz-Inn Auto Parts, Inc., supra at 383.

When a defendant accepts an automobile into his care and custody for a compensation, he becomes a bailee for hire. The nature or amount of compensation is immaterial. Doherty v. Ernst, 284 Mass. 341, 344 (1933).

In the case before us, a bailment of the plaintiff's automobile was created when the defendant accepted possession and control of the keys to the plaintiff's car in order to repair the car for compensation.

There was no error in the denial of defendant's requested ruling number 6(c), and in the finding of defendant's negligence.

The burden of proof rested with the defendant to show the exercise of due care, as the plaintiff put in evidence of a delivery of property and the defendant's failure to return it upon timely demand. As was stated in Knowles v. Gilchrist, 362 Mass. 642, 652 (1972):

"[O]nce the bailor proves delivery of the property to the bailee in good condition and the failure to redeliver upon timely demand, the burden of proof is irrevocably fixed upon the bailee to prove by a fair preponderance of the evidence that he has exercised due care to prevent the property's loss or destruction."

The standard of care to be exercised by a bailee for hire has been established as "the quantity and quality of care which, under similar circumstances, a reasonably careful man would use with respect to his own automobile." Sandler v. Commonwealth Station Co., supra at 471. See also Butler v. Bowdoin Sq. Garage, 329 Mass. 28, 30 (1952); Rourke v. Cadillac Automobile Co. of Boston, 268 Mass. 7, 8 (1929); Hanna v. Shaw, 244 Mass. 57, 59 (1923).

The defendant in this action failed to sustain his burden of proof once the presumption shifted to him to prove due care. Evidence that the defendant placed the plaintiff's keys on his desk in plain view of strangers and was careless in watching them, is sufficient to warrant a finding of lack of due care and negligence on the part of the defendant in this action.

The court did not err in its denial of defendant's requested rulings numbered 1 and 6(d) concerning the sufficiency of evidence as to the plaintiff's damages.

An award of general damages is usually based upon the fair market value of the property at the time of the loss. Beale v. Boston, 166 Mass. 53, 55 (1896). An owner alleging damage to his property may testify as to its market value at the time of the loss, based upon his familiarity with the property. Willey v. Cafrella, 336 Mass. 623, 624 (1958); Meyers v. Adams Express Co., 240 Mass. 94, 95 (1921); Shea v. Hudson, 165 Mass. 43, 44 (1895).

In the instant case, the owner testified to the purchase price of his automobile six months prior to the loss, to the mileage it accrued during that period of time and to the repair and replacement of parts for the car.

In determining the amount of damages to be awarded, mathematical accuracy of proof is not required. Carlo Bianchi & Co. v. Builder's Equip. & Supply Co., 347 Mass. 636, 646 (1964); Randall v. Peerless Motor Car Co., 212 Mass. 352, 380 (1912). The competency of the judge or jury to assess damages is illustrated by the court's statement in Weiner v. Bernstein, 22 Mass. App. Dec. 32, 35 (1961):

"We think the trend of decisions has been that where the question of damage is to be passed on, the judge or jury, with their knowledge of practical affairs and exercising common experience,

can arrive at a sound conclusion, although no witness was put on to appraise the damage if it is a matter within the knowledge of the average juror."

Accord **Ryder v. Warren,** 295 Mass. 25, 28 (1936); **Babikian v. Brown,** 293 Mass. 195, 200 (1936); **Cross v. Shkaraffa,** 281 Mass. 329, 331 (1933); **Scullane v. Kellogg,** 169 Mass. 544, 550 (1897).

We find that the trial judge had sufficient evidence from which he could determine the fair market value of the automobile as of the date of loss.

There was no error in the denial of the rulings requested by the defendant.

Report dismissed.
J. Grabau