Cowdrey, P.J.
This is an action in contract and tort which arose out of the defendant’s sale of a cash register to the plaintiff. The complaint is in five counts: Count I for G. L. c. 93A unfair and deceptive practices; Count II for negligence; and Counts III through V for breaches of express and implied warranties of merchantability and fitness for a particular purpose.
The reported evidence may be summarized as follows: In the spring of 1976, the plaintiff purchased an MKD 32 Key Cash Register from the defendant for use at the plaintiff’s store ir. Swampscott. The purchase price of the machine was $2,383.50. Both the plaintiff’s selection of the MKD model and its decision to purchase a register from the defendant were based on the purchase price, the potential capabilities of the register in question and the defendant’s representations that the cash register was compatible with the NCR system recommended by another company.
The cash register was installed by the defendant on July 21,1976. Immediate problems developed, including the machine’s inability to register accurate totals. Pursuant to the parties’ purchase warranties, the plaintiff notified the defendant on several occasions of the machine defects and the defendant made several unsuccessful attempts to repair the register. At the recommendation of the defendant’s repairman, the plaintiff installed a separate electrical circuit for the register at the plaintiff’s own expense. This measure proved futile, however, and problems with the the machine continued to occur. Interrupted use of the machine compelled the plaintiff to reduce its store cash register aisles to one which caused long service lines and delays for customers.
The defendant finally, concluded that it was unable to repair the machine and that it was necessary to return the machine to the factory. Pursuant to contract warranties, a service representative of the defendant removed the register from the plaintiff’s store on August 1,1977 and left a repair slip with the plaintiff. The defendant then crated the cash register and shipped the register by bus to the factory. The machine was lost in transit.
Expert testimony indicated that the value of the register at the time of its loss was $2,227.00. It was also established that the practice of the trade was to use either freight or United Parcel Service to return such equipment to a factory. *160 These shipment methods alone provided sufficient insurance coverage for goods in the event of their loss.
Judgment entered for the plaintiff in the amount of $2,227.00 on Counts III, IV and V of the complaint.
The defendant is presently before this Division on a charge of error in the trial court’s disposition of the following requests-filed by the defendant:
1. Defendants are not obliged beyond the express terms of their guarantee which had expired. M.G.L. c. 106, § 2-312.
Allowed, but Court finds that the guarantee had not expired.
3. The bailment was for the exclusive benefit of the bailor.
Denied
4. The bailee was not negligent in sending the machine by common carrier back to the factory.
Denied.
6. The bailor cannot recover any loss from bailee if he were not negligent.
Allowed as to Count II only.
6. Packaging and sending a machine by common carrier with the knowledge and request of the bailor imposes no liability for loss on the bailee.
Allowed, but not found as a fact.
Defendant’s request numbers 3 and 4 sought findings of fact which a trial justice is ordinarily not required to enter upon simple request in a district court proceeding. Dist./Mun. Cts. R. Civ. P., Rule 52 (b); Ashapa v. Reed, 280 Mass. 514, 516 (1932); Photiou v. Del Sordo, 1982 Mass. App. Div. 251, 252. As the reported evidence herein did not require the findings sought in requests 3 and 4, the denial of these requests was proper.
Contrary to request number 3, the reported evidence unequivocally establishes that the bailment contract for the factory return of the cash register at issue was entered into pursuant to the parties’ purchase contract and warranties. The bailment was thus for the mutual benefit of the plaintiff and the defendant. The creation of such a bailment imposed upon the defendant-bailee the duty to utilize that “degree of care toward the object bailed which a reasonably prudent and careful man would exercise with reference to his own property.” Rourke v. Cadillac Auto. Co., 268 Mass. 7, 8 (1929). See also Wright v. Heil Equip. Co., 357 Mass. 74, 76 (1970). The burden of proof in the circumstances of this case rested upon the defendant-bailee to demonstrate its exercise of due care in the handling and shipment of the plaintiffs cash register. Knowles v. Gilchrest Co., 362 Mass. 642, 652 (1972); Hewi v. Cerrione, 1980 Mass. App. Div. 26, 29. No evidence was introduced, however, by the defendant to satisfy its burden of proving freedom from negligence. Indeed, the only reported evidence material to the register loss was that the defendant deviated from established trade practice, see G. L. c. 106, § 1-205, in electing to return the register to the factory by common carrier without adequate insurance coverage. Given the defendant’s failure to satisfy its burden of proof, the finding sought in request number 4 was not required herein and the request was thus properly denied.
There was also no error in the trial court’s disposition of requests 1, 5 and 6. Requests 1 and 6 contained facts neither found by the trial court nor required by the reported evidence; namely, that the warranties had expired and that the use *161 of a common carrier to transport the cash register was known to, and requested by, the plaintiff. Request number 5 was properly allowed as a correct statement of law, but appropriately limited to the only complaint count which sought recovery on a theory of negligence.
Report dismissed.