Dohoney, J.
This appeal involves the denial of a Motion to Expunge Parts of the Record of Appeal, to Vacate Judgment and for Trial. At the time of oral argument, the Motion was considered by all parties as a Motion for Relief from Judgment.
The underlying action is in contract for money due under a lease. The Complaint was filed. No answer has ever been filed, but a Motion to Dissolve Attachment was filed by counsel representing the defendants (hereafter first counsel). An Application for Default Judgment was filed on December 1,1980. The hearing was scheduled for December 10, 1980, and continued to December 17, 1980.
The Report contains evidence tending to show conflicting propositions. It contains evidence showing that the defendants were unaware that first counsel had filed any appearance and certain pleadings, that the relationship with first counsel ended May 9,1980, that defendants appeared on December 17,1980, and requested a continuance, that counsel was needed and that first counsel informed plaintiffs counsel on or about December 10,1980 that he no longer represented the defendants, and that there was a meritorious defense.
There was also evidence tending to show that plaintiffs counsel had spoken with defendants’ first counsel, that first counsel had requested a continuance from December 10, 1980, because of a scheduling conflict and-because of a need for additional time for preparation.
The Request for a continuance was denied and a hearing on damages was held and damages were found in the amount of $46,588.36. A Motion for Relief from Judgment was filed by defendants’ second counsel, heard, and denied. A Report was claimed and dismissed after hearing in the Appellate Division. See Pyramid Company of Holyoke v. Oakwood Farms of Rochester, Inc. 1980 Mass. App. Div. 29. An appeal was claimed to the Supreme Judicial Court. During the pendency of that appeal, this Motion to Expunge Parts of the Record on Appeal, to Vacate Judgment and for Trial was filed and heard by a Trial Justice.[2] The defendants’ appeal to the Supreme Judicial Court was denied on January 23, 1984. The instant Motion ito Expunge Parts of the Record on Appeal, to Vacate Judgment and for Trial was denied on January 24,1984. A Claim of Report and Report of this Denial was filed and is now before us.
All parties agree that the Motion to Expunge Parts of the Record on Appeal, to Vacate Judgement and for Trial should be considered as a Motion for Relief from Judgment under M.R.C.P., Rule 60. The position of the defendants is essentially two-fold. First, the defendants dispute the role defendants’ first counsel played in requesting the continuance of the December 10, 1983 hearing. Secondly, the defendants contend that in any event they should not have been put to hearing without benefit of counsel.
*183 Standard of Review. A Motion for Relief from Judgment is addressed to the discretion of the trial justice. Trustees of Stigmatine Fathers, Inc. v. Secretary of Administration and Finance, 369 Mass. 526 (1976); Laino v. Dumais, 360 Mass. 845 (1971); Forte v. Muzi Motors, Inc. 5 Mass. App. Ct. 700 (1977).
Abuse of Discretion. The application of the above standards to instant facts reveals no abuse of discretion. The trial justice obviously placed credence in the oral representations of plaintiffs counsel that he had telephone conversations with defendants’ first counsel relative to the continuance of the hearing.3 It is important to note that first counsel was still counsel of record. This was not an abuse of discretion, and to the extent it involves a finding of fact, we are without authority to disturb it since it is based on a reasonable view of the evidence. Bliss v. Elberg Motor Corporation, 1984 Mass. App. Div. 5; T.L. Edwards, Inc. v. Fields, 57 Mass. App. Dec. 22 11975), affirmed 371 Mass. 895 (1976).
Additionally, an analysis of the procedural history of this case supports the conclusion that there was no abuse of discretion. After the hearing on damages, a claim of report was made to the Appellate Division on a Motion for Relief from Judgment (first motion). This was argued by defendants’ second counsel. After the unfavorble decision, this instant Motion to Expunge Parts of the Record of Appeal, to Vacate Judgment and for Trial was filed. After the dismissal of the appeal by the Supreme Judicial Court, this Motion is now urged on us as a Motion for Relief from Judgment. However, every argument now advanced was open to the defendants on the first Motion for Relief from Judgment and any error stemming from denial of that motion could have been corrected by appeal. See Soja v. T.P. Sanprisa Co., 373 Mass. 630 (1977). Lastly, we are mindful of the discussion in the first opinion of this Appellate Division as to the meritoriousness of defendants’ claim. Nothing substantial has been urged upon us to detract from the sentiments expressed therein.
Plaintiff has also filed a Motion for Assessment of Attorneys’ Fees. This Motion is Denied.
Having determined that the Trial Court did not commit error, the Report be and hereby is dismissed.

The Trial Justice who held the hearing on damages and the first Motion for Relief from judgment retired. The present motion was heard by a different Trial Justice.