334 Mass. 377 (1956)
135 N.E.2d 646
DOUGLAS B.S. DALTON & another
vs.
DEMOS BROTHERS GENERAL CONTRACTORS, INCORPORATED.
Supreme Judicial Court of Massachusetts, Middlesex..
April 5, 6, 1956.
June 29, 1956.
Present: QUA, C.J., WILKINS, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.
Bertram A. Sugarman, (Edward J. Barshak with him,) for the defendant.
Allan Green, for the plaintiffs.
WILLIAMS, J.
This is an action to recover damages for injury to the plaintiffs' house in Melrose resulting from the negligence of the defendant in blasting rocks during its construction of a trench for the metropolitan district commission. There was evidence that there were at least twenty-five blasts continuing regularly through June, July, August, September, and October, 1949. Damage to the ceiling of the plaintiffs' sun porch was first noticed early in June. A crack appeared in the west wall and during the summer plaster seeped down in all the rooms of the house except the bathroom and kitchen.
In the absence of negligence a person carrying on blasting *378 operations is not liable for consequential harm caused by concussion and vibration, Jenkins v. A.G. Tomasello & Son, Inc. 286 Mass. 180, 186, Coughlan v. Grande & Son, Inc. 332 Mass. 464, 467; and it is agreed that the only blast which could have been found negligent was one occurring on October 27. At that time three sticks of dynamite were used to explode a large boulder sixty-five feet from the house. As a result "The house shook, windows and china rattled and soft spots appeared in the plaster." Damage in addition to that which had occurred in the previous summer was discovered. There were "diagonal cracks in the heavy timbers in the cellar, cracks in cement walls, four additional cracks in the sun room, plaster dust coming through four walls in the living room and upper hall and more soft spots appeared in the plaster. Cracks appeared in the ceiling of the pantry that had not been seen before. [There appeared] ... cracks in the plaster throughout the house, cracked windows and plaster dust on the floors."
Blasting operations were continued after October 27. The plaintiff Douglas B.S. Dalton, who owned the property jointly with his wife, testified that the fair market value of the house before the blasting started was $22,000 and after was $17,000. There was evidence that it would cost $1,400 to repair all the damage to the house from the blasting. A motion by the defendant for a directed verdict was denied subject to its exception, and the jury returned a verdict for the plaintiffs in the amount of $1,000.
It is the contention of the defendant that a finding of the damage caused by the one negligent blast could only be based on surmise and conjecture and that it was entitled to a directed verdict.
It is of course true that damages must be reasonably ascertainable from the evidence. Gagnon v. Sperry & Hutchinson Co. 206 Mass. 547, 556. Burnham v. Dowd, 217 Mass. 351, 360. Birch v. Boston & Maine Railroad, 259 Mass. 528, 531. But the fact that there is an element of uncertainty in their assessment is not a bar to recovery. H.D. Watts Co. v. American Bond & Mortgage Co. 267 Mass. 541, *379 553-554. "The amount of damages seldom can be proved with the exactness of mathematical demonstration. Much must be left to estimate and judgment, sometimes upon meager evidence." Piper v. Childs, 290 Mass. 560, 563. Cross v. Sharaffa, 281 Mass. 329. New York, New Haven & Hartford Railroad v. Pierce Coach Lines, Inc. 281 Mass. 479, 483.
In the present case the jury were furnished with enough evidence of the specific damage caused by the single negligent blast to enable them, with their knowledge of practical affairs, to measure its probable extent. See Cross v. Sharaffa, 281 Mass. 329, 331. According to the evidence, the cost of restoration, which included the total cost of the repairs required because of the damage from all of the blasting, was less than the difference between the respective values of the house before and after the blasting and could be found to be a fair measure of the plaintiffs' total damage. Childs v. O'Leary, 174 Mass. 111, 116. We think that the evidence as to the physical damage caused by the negligent blast compared to that caused by the rest of the blasting was sufficient to enable the jury to determine with reasonable accuracy the proportion of the expense of restoration which should properly be assessed against the defendant.
There was no error in submitting the case to the jury.
Exceptions overruled.