*Western District*
No. 148800
**HAROLD J. PROCTOR et al**
**v.**
**BEAULAH ATHERTON et al**
Argued: May 9, 1967     Decided: June 1, 1967

*Present:* Garvey, P.J. and Moore, J.

Case tried to *Mellquist, J.* in the Central District Court of Worcester. No. 148800.

*Moore, J.* This is an action of tort in which the plaintiffs seek damages for the unlawful cutting of an Oak tree, the trunk of which stood on the property line running between the plaintiff's land and the land of the defendant Atherton. At the base, the trunk of the tree was 4 3/4 inches on the plaintiffs' land and 19¼ inches on the defendants' land; and, at a point six (6) feet above the ground, the trunk was 1¼ inches over the property line on the plaintiffs' land and 15 inches over the line on the land of the defendant Atherton.

The defendant Beaulah Atherton engaged the defendant Brewer Tree Expert Company to cut down the tree in question. No permission or consent had been obtained from the plaintiffs to the cutting down of the tree.

During the trial, the count for treble damages under the provisions of G.L. c. 242 §7 was waived against both defendants.

At the trial, the trial justice allowed in evidence the testimony of one Barrows, an arborist, with 36 years experience in the sales, care and landscaping of trees. He testified that the tree, the subject matter of this action, had a value of $915.20 just prior to its being cut down and that the cost of a replaceable tree would be $1,000.00. The introduction of this evidence was objected to and a request for a report duly made and perfected.

The plaintiffs filed three (3) requests for rulings of law, the defendant, Atherton, nine (9) requests, and the defendant, Brewer Tree Expert Company, six (6) requests.

Request No. 6 of the defendant, Brewer Tree Expert Company, was as follows:

"As a matter of law, the measure of damages in this case is the difference in market value of the realty immediately before and immediately after the destruction of the tree."

This request was allowed by the trial judge. The report states that the plaintiffs were aggrieved by this ruling and the assessment of only nominal damages of one ($1.00) dollar.

As to the admission of the testimony of the arborist, Barrows, to the value of the tree and its replacement cost, we do not consider that there was any error. These facts were admis-

sible in aid to establishing or determining the diminished value of the premises due to the wrongful act. *Wooley* v. *Fall River,* 220 Mass. 584, 585.

■ It seems to us that the case of *Dalton* v. *Demos Brothers General Contractors Inc.,* 334 Mass. 377, cited by the plaintiffs, does not, although at first blush one would think otherwise, change the long established rule of damages, to wit: the difference between the fair market value of the realty immediately before and the said value immediately after the injury to the realty. In the *Dalton* case, the cost of repairs and restoration were used, not as the measure of damages, but only as a measure or yard stick in determining what proportion of the total damages was caused by the first blasting in a series of blastings.

■ Also, the cases of *Davenport* v. *Haskell,* 293 Mass. 454 and *Rockwood* v. *Robinson,* 159 Mass. 406 are in a similar vein, holding that certain evidence is competent in determining damages without changing the long established rule of the measure of damages. The plaintiffs seem to have confused the question of admissible evidence with that of the measure of damages.

■ The report in the instant case does not indicate that there was any evidence adduced as to the diminution in the value of the realty resulting from the unlawful entry and cutting. As a result, we feel this cause is governed by

the principle of law as expressed in *Lawrence v. O'Neil,* 317 Mass. 393 and that there was no error in assessing damages in the nominal amount of one ($1.00) dollar.

The order should be: **Report dismissed.**

DAVID A. TALMAN
 of Worcester for the plaintiff
A. W. MITCHELL
 of Worcester for the defendant, Atherton
MILES MOONEY AND S. B. MILTON
 of Worcester for the defendant,
 Brewer Tree Expert Company