LAWRENCE S. O'CONNOR, trustee, vs. E. J. DICARLO & SONS, INC. & another[1] (and a companion case[2]). July 24, 1978. The plaintiffs in these companion cases, owners of residential properties located, respectively, fifty and five hundred feet from the site of blasting by the corporate defendant, sued for the damages caused to their properties by tremors occasioned by the blasting. They failed in the Superior Court through

---

[1] Paul A. DeBoer.

[1] E. J. DiCarlo.

[2] Tad A. Ensign & another *vs.* E. J. DiCarlo & Sons, Inc., & another.

application of the rule in this Commonwealth, recognized most recently in *Clark-Aiken Co.* v. *Cromwell-Wright Co.*, 367 Mass. 70, 83 n.14, 84 (1975), that consequential damages caused by blasting are actionable only on proof of negligence, although there is strict liability for direct damages so caused. Appeal having been lodged in the Appeals Court, we transferred it here. The plaintiffs point out that only a minority of the jurisdictions today deny strict liability for consequential damages caused by blasting, see W. Prosser, Torts § 78, at 514 (4th ed. 1971), and they urge us on grounds of reason and policy to adopt a rule of strict liability as well for consequential as for direct damages. Any such argument for a change of the law must be addressed to the Legislature, not to this court. General Laws c. 148, § 20C, inserted by St. 1972, c. 333, provides: "Any person engaged in a blasting operation shall be liable for direct damages to the person or property of another without proof of negligence." The legislative history of the enactment indicates that, in reducing to statutory form the rule of strict liability for direct damages, the Legislature rejected a proposal to extend strict liability to consequential damages caused by blasting.

*Judgments affirmed.*

*Harry Zarrow* for the plaintiffs.
*Wayne R. DiCarlo* for the defendants.