Sherman, P.J.
Plaintiffs Adele Dalbo (“Dalbo”) and Diane Mazzone (“Mazzone”) commenced this action in tort to recover for property damage to their respective homes allegedly caused by the defendants’ blasting operations. The trial court entered summary judgment for all defendants, and the plaintiffs now appeal the courfis allowance of the defendants’ Dist./Mun. Cts. R. Civ. R, Rule 56 motions.
The plaintiffs’ claim was for negligence and nuisance resulting from the defendants’ careless design, control, monitoring, supervision, planning and/or development of site excavation work in the construction of Weylu’s Restaurant in Saugus, Massachusetts on land owned by defendant Rick Chang (“Chang”). The plaintiffs alleged that vibrations and concussions resulting from blasting at the site caused structural damage to their homes in the form of cracked ceilings, walls, windows and foundations, and buckled floors and doors. The blasting in question was performed by defendant Manter Drilling and Blasting Co.[3]
The defendants sought summary judgment on the grounds that the plaintiffs were unable to prove that the blasting either was performed negligently or was the proximate cause of any damage to their homes. The depositions, affidavits and other materials submitted by the defendants in support of their Rule 56 motions indicated: that prior to the blasting, Manter obtained all necessary blasting and excavation permits, and arranged for pre-blast surveys of houses in close proximity to the site; that the actual blasting was performed by trained, licensed blasters and was supervised at all times by the Saugus Fire Department; and that seismograph readings were taken of every blast and no blast-related vibration or concussion exceeded the permissible state guidelines or levels for blast-induced vibrations. Further, the defendants filed the affidavit of one Earle E Littleton, a professional engineer retained by Manter to inspect the plaintiffs’ property. Littleton averred that
[bjased on the inspection of both dwellings, the type of damages *108 alleged, the distance from the blast site to the dwellings, the differential in elevation, the location of the blasts, and upon a review of the blasting logs, it is my opinion that the blasting operation was not in violation of any law, code or regulation.
Littleton further opined that the damage to plaintiff Mazzone’s home could not have been caused by the blasting, and resulted from the non-professional renovation work previously undertaken by the Mazzones; and that cracks and other defects in plaintiff Dalbo’s home predated the blasting in question, showed evidence of prior repairs and were attributable solely to the age and condition of the house.
In opposition to the defendants’ summary judgment motion, the plaintiffs filed their own affidavits in which they stated that on more than one date, they each witnessed cracks form in walls and ceilings and other damage appear in their houses immediately after they heard and felt blasts from the construction site.[4] The plaintiffs also relied on a portion of the deposition testimony of one Forrest Winslow, a Manter employee, who indicated that on one occasion, Manter “cut back on the depth of the holes” in response to complaints from neighbors (other than the plaintiffs). Finally, plaintiff Dalbo stated in an answer to an interrogatory propounded by tihe defendants that one Walter Darmetko (“Darmetko”) of G&A Construction would be called at trial as an expert “concerning the causation of the damage to my home... based on his experience in the construction industry.” Neither an affidavit by Darmetko, nor other opposition materials, were filed by the plaintiffs.[5]
1. The established rule in this Commonwealth is that strict liability is imposed for all direct damage caused by blasting, whereas consequential damages resulting from blasting vibrations and concussions are actionable only upon proof of negligence. The Clark-Aiken Co. v. Cromwell-Wright Co., 367 Mass. 70, 83 n.4 (1975); Dalton v. Demos Bros. General Contractors, Inc., 334 Mass. 377, 377-378 (1956) and cases cited. This common law rule is codified in G.L.c. 148, §20C.[6]
The Legislative history of the enactment [of G.L.c. 148, §20C] indicates that, in reducing to statutory form the rule of strict liability for direct damages, the Legislature rejected a proposal to extend strict liability to consequential damages caused by blasting.
O’Connor v. E.J. DiCarlo & Sons, Inc., 376 Mass. 927, 928 (1978). See also, Tebo v. Board of Appeals of Shrewsbury, 22 Mass. App. Ct. 618, 630 (1986).
The plaintiffs have not alleged that they suffered from rocks or debris falling on *109 their properly or any other “direct damage” from the defendants’ blasting. See Sullivan v. Commonwealth, 335 Mass. 619, 628 n.2 (1957); Dolham v. Peterson, 297 Mass. 479, 482 (1937). Any recovery in this action on the plaintiffs’ claim for consequential damages was thus contingent upon the plaintiffs’ proof that such damages were proximately caused by the defendants’ failure to exercise due care in conducting the blasting operations in question.
2. The defendants’ summary judgment materials adequately demonstrated, however, both that the plaintiffs had no “reasonable expectation” of satisfying their burden of proof at trial, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991), and that insufficient evidence existed even to raise a material issue of fact as to the defendants’ liability which would require a trial on the merits. The affidavits, deposition transcripts and other documents submitted by the defendants effectively shifted the Rule 56 burden to the plaintiffs to marshall specific facts on the issues of causation and breach of due care. See generally, Godbout v. Counsens, 396 Mass. 254, 263 (1985).
3. The plaintiffs failed to satisfy this burden. Even assuming that when viewed in the light most favorable to the plaintiffs, Watson v. Salvoni, 27 Mass. App. Ct. 735, 737 (1989), their affidavits were sufficient to raise a factual issue as to causation,[7] the plaintiffs advanced no evidence of the defendants’ negligence or failure to exercise due care. Mere conclusory allegations of the defendants’ carelessness or negligence in the plaintiffs’ unverified complaint were insufficient for Rule 56 purposes. Slavin v. Salem, 386 Mass. 886, 889 (1982); Baker v. Monga, 32 Mass. App. Ct. 450, 453 (1992). Similarly unavailing was the plaintiffs’ suggestion that the filing of complaints about the blasting[8] or the mere occurrence of the alleged damage to their homes constituted “obvious” evidence of the defendants’ negligence. The doctrine of res ipsa loquitur is inapplicable in actions to recover for alleged consequential damages from vibration or concussion. See Ted’s Master Serv., Inc. v. Farina Bros. Co., 343 Mass. 307, 309 (1961).
Having failed to advance any evidence of the defendants’ negligence,[9] the plaintiffs finally argue that only a minority of jurisdictions follow the Massachusetts *110 blasting rule and that equity and logic dictate that strict liability should apply in all cases, whether the damages were direct or consequential. Whatever the relative merits of this argument, it is one appropriately addressed only to the Legislature. O’Connor v. E.J. DiCarlo & Sons, Inc., supra at 928. The balancing of public safety, property rights and general economic interests which culminated in the enactment of G.L.c. 148, §20C is not a matter for judicial reconsideration. See Tebo v. Board of Appeals of Shrewsbury, supra at 630.
There being no error in the courfs allowance of the defendants’ Rule 56 motions, summary judgment in favor of the defendants is hereby affirmed. Appeal dismissed.
So ordered.

Defendant Manter Corp. served as the general contractor and project supervisor for Chang’s restaurant construction. Under separate contract with Chang, defendant Manter Co., Inc. was responsible for site preparation, and sub-contracted the blasting work to Manter Drilling and Blasting Co. ‘Warren Manter Co., Inc.” is the former name and corporate predecessor of Manter Co., Inc.

Plaintiff Dalbo averred that “on March 3, 1988,1 was in my home and I heard the blast siren sound and I felt a tremendous blast which caused the house to shake violently. I looked from my kitchen window as the blast occurred and saw dust rising from the Weylu’s site. My house shook and I witnessed cracks forming in the ceiling and wails of the kitchen and the kitchen window cracked. Again, on April 13, 1988,1 was in my kitchen, heard the siren sound, looked out my kitchen window, felt a tremendous blast and saw dust rising from the Weylu’s site. The cracks in my ceiling and walls opened more widely and still new cracks appeared.”

Subsequent to the court’s hearing and allowance of the defendants’ summary judgment motions, the plaintiffs filed a motion for reconsideration supported by two written estimates on G&A Construction invoice forms for repairs to the Dalbo house. The estimates recited that they were for “damages caused by blasting” and “by [the house] being subjected to severe blasting in the past.” The estimates were unsigned and did not disclose the name of the preparer.

The statute provides: “Any person engaged in a blasting operation shall be liable for direct damages to the person or property of another without proof of negligence.”

On the issue of causation, the plaintiffs also rely on their statement in answers to interrogatories that they would call Darmetko as an expert witness at trial. Such statement, however, amounted only to a general allegation of expected proof which was devoid of Rule 56 significance. Godbout v. Counsens, supra at 264; O’Brion, Russell & Co. v. LeMay, 370 Mass. 243, 245 (1976).

Evidence that the defendants elected on one occasion to “cut back on the depth of the holes” in response to complaints by neighbors raised no material issue of negligence in the absence of additional information not only indicating the time, source and nature of the complaints, as well as their relevance to the plaintiffs’ claims, but also establishing some nexus between the use of deeper blast holes and, e.g., a deviation from industry standards or other absence of due care.

Contrast, e.g., Dalton v. Demos Bros. General Contractors, Inc., supra at 378 (size of dynamite charge and close proximity to plaintiff’s property as evidence of negligence); Kushner v. Dravo Corp., 339 Mass. 273, 278 (1959) (evidence of failure to use “delays” in blasting solid rock in compliance with industry standards); O’Regan v. Verrochi, 325 Mass. 391, 392 (1950) (expert opinion evidence as to improper dynamiting).
The plaintiffs’ failure to advance specific facts indicative of the defendants’ negligence was also fatal to the plaintiffs’ additional claim of nuisance. The latter requires some showing of either negligent or intentional tortious conduct. Pritchard v. Mabrey, 358 Mass. 137, 144 (1970); Delano v. Mother’s Super Market, Inc., 340 Mass. 293, 297 (1960). In any event, the plaintiffs’ nuisance claim was not argued in their brief and need not be addressed by this Division. Dist./Mun. Cts. R. A. D. A., Rule 16(a)(4).